(89 South. 247)

No. 24410.

### BATON ROUGE WATERWORKS CO. v. BOARD OF STATE AFFAIRS et al.

(June 15, 1921. On Motion to Correct Decree, June 30, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Taxation** &copy;&#8658;376(1)—**Value of public utility franchise not to be increased by amount added for privilege of using city streets.**

In assessment of franchise of public utility corporations occupying city streets, the board of state affairs is not justified in adding to the earning value of the franchise an additional assessment for the privilege of occupying the streets or for carrying on the business of the corporation, since the value of the franchise is to be determined by earning capacity.

2. **Taxation** &copy;&#8658;376(1)—**Interest on bonded indebtedness not deducted from annual earnings in assessment of franchise.**

In assessment of franchise of public utility corporation, where valuation was determined according to net earnings rule, the corporation was not entitled to a deduction of the average annual interest paid on the bonded indebtedness from the average annual earnings of the corporation.

3. **Taxation** &copy;&#8658;376(1)—**Same annual return should be allowed on corporate franchise in assessment thereof as was allowed on corporation's tangible property.**

In assessment of the franchise of a public utility corporation according to net earnings rule, the same fair and reasonable annual return should be allowed on the corporate franchise as was allowed on the tangible property of the corporation.

4. **Taxation** &copy;&#8658;493(1)—**Statute as to fee recoverable by tax collector's attorney construed.**

Under Act No. 140 of 1916, § 16, providing that the attorney for the tax collector, in suit by dissatisfied taxpayer, shall receive 10 per cent. commission on the amount of taxes involved when the assessment is sustained or not reduced more than 25 per cent., and 5 per cent. when the assessment is not sustained, the attorney's fee should be only 5 per cent. on the amount of taxes contested and collected if the assessment is reduced more than the 25 per cent., but not to the full extent of the reduction claimed.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Suit by the Baton Rouge Waterworks Company against the Board of State Affairs and others. To review the judgment rendered, the defendants appeal, and the plaintiffs answer the appeal. Affirmed as amended.

A. V. Coco, Atty. Gen., and A. J. Thomas, of Baton Rouge (W. Carruth Jones, of Baton Rouge, and H. P. Sneed, of New Orleans, of counsel), for appellants.

Laycock & Beale, of Baton Rouge (Charles F. Borah, of Franklin, of counsel), for appellee.

O'NIELL, J. Plaintiff sued to annul or in the alternative to reduce an assessment on its corporate franchise. The district court gave judgment reducing the assessment of $185,200 to $180,200. The defendants, board

of state affairs, police jury, assessor, and tax collector, have appealed. Answering the appeal, plaintiff claims, as in the original petition, that $8,485, being the average annual interest paid on its bonded indebtedness during the last five years, should be deducted from the average annual earnings of the corporation, in applying the net earnings rule of assessment, and that 10 per cent. instead of the 8 per cent. allowed by the board and by the court should be allowed as a fair and reasonable return on the investment in tangible property, which allowances would leave the corporate franchise no assessment value whatever.

The board of state affairs assessed the tangible property of the corporation at $228,-666, the correctness or fairness of which is not disputed. In computing the value of the franchise, the board divided it into two franchises, calling them, for convenience, the primary and the secondary franchise. The so-called primary franchise was declared to be the privilege enjoyed by the corporation of occupying the streets with its water mains, pipes, etc., and of conducting the business of supplying water to the inhabitants of the city. The so-called secondary franchise was declared to be the value resulting from the earnings of the business. The so-called primary franchise was assessed, arbitrarily, at $5,000. The value of the so-called secondary franchise was determined by what the board deemed to be the net earnings rule. But the board refused to deduct from the annual earnings of the corporation the average annual interest paid on the bonded debt of the corporation. The average annual earnings, as shown by the statement rendered for the last five years, including the average annual interest, $8,-485, paid on the bonded indebtedness, amounted to $29,105. The board allowed 8 per cent. as a fair and reasonable return on the value of the tangible property; that is, 8 per cent.

of $228,666, or $18,293, which, deducted from the average annual earnings, $29,105, left, as the average annual net earnings of the franchise, $10,812, which, capitalized at 6 per cent. gave, as the value of the so-called secondary franchise, $180,200, to which the board added the value of the so-called primary franchise, $5,000, and thus assessed the so-called "total franchise" at $185,200.

The district court sustained plaintiff's objection to the assessment of the so-called primary franchise, thus reducing the assessment to $180,200.

[1] For the reasons given in the opinion handed down to-day in Baton Rouge Electric Co. v. Board of State Affairs (No. 24409) 89 South. 244,[1] we agree with the district judge that there was no justification for adding to the earning value of the franchise an additional assessment for the so-called "primary franchise."

[2] We also agree with the district judge that, in the application of the net earnings rule, plaintiff was not entitled to a deduction of the average annual interest paid on the bonded indebtedness from the average annual earnings of the corporation. We are not referred to any authority for such an allowance in the application of the net earnings rule for assessing a public utility franchise, and it appears to us that there is no more reason for deducting interest paid to bondholders than there would be for deducting dividends paid to stockholders of the corporation. In fact, as we understand, certain classes of preferred stock in some corporations earn dividends at a fixed rate. The bonded indebtedness of a corporation, presumably, represents borrowed capital. There is no reason why, in the application of the net earnings rule for assessing a corporate franchise, the interest paid on the capital borrowed should not be regarded the same as the dividends paid on the capital

---

[1] Ante, p. 383.

originally invested. All earnings of a corporation are paid out either in interest to bondholders or dividends to stockholders. It does not concern the taxing authorities whether such earnings, which determine the value of the corporate franchise, go to pay interest to bondholders or dividends to stockholders.

[3] For the reasons given in our opinion handed down to-day in Baton Rouge Electric Co. v. Board of State Affairs et al. (No. 24409) 89 South. 244,[1] our opinion is that the net earnings of plaintiff's franchise should be capitalized at 8 per cent. the rate which defendants concede to be a fair and reasonable return to be allowed upon the investment in the tangible property of the corporation.

Deducting $18,293, being 8 per cent. of the $228,666 valuation of the tangible property, from the $29,105, average annual net earnings of the corporation, leaves $10,812 as the average annual net earnings of the franchise, which, capitalized at 8 per cent., gives $135,150 as the value of the franchise. Our conclusion, therefore, is that the assessment of the franchise should be reduced to $135,150.

[4] Appellants' claim, as they claimed in their answer to this suit, that plaintiff should be condemned to pay 10 per cent. on the amount of taxes involved and to be collected, as the attorney's fee provided for in section 16 of Act 140 of 1916, p. 339. The statute declares that the attorney for the tax collector—

"shall receive ten per cent. commission on the amount of taxes involved when the assessment is sustained or not reduced more than 25 per cent. of the reduction claimed, and the taxes collected, which shall be assessed as a penalty against the taxpayer, and he [meaning the attorney for the tax collector] shall receive five per cent. of the taxes involved and collected when the assessment is not sustained, to be

paid over by the tax collector when such taxes and penalties are collected."

Our understanding of this is that the attorney's fee shall be 10 per cent. on the amount of taxes contested and collected if the assessment made by the board is sustained or is not reduced more than 25 per cent. of the reduction claimed, and that the attorney's fee shall be 5 per cent. on the amount of taxes contested and collected if the assessment be reduced more than 25 per cent., but not to the full extent, of the reduction claimed. The reduction claimed in this case was the entire assessment of $185,200. The reduction which we shall allow is $50,050, which is more than 25 per cent. of the reduction claimed. Plaintiff should therefore be condemned to pay 5 per cent. as the attorney's fee on the taxes involved and to be collected upon the assessment of $135,150.

The judgment appealed from is amended by reducing the assessment of plaintiff's franchise from $180,200 to $135,150, and by condemning plaintiff to pay, as a penalty, 5 per cent. on the taxes to be collected on the assessment of $135,150, as the fee of the attorney for the tax collector. As thus amended, the judgment is affirmed.

On Motion to Correct Decree.

PER CURIAM. Within the time allowed for an application for rehearing, the appellants and appellee in this case filed a joint petition, praying that the decree should be amended in so far as it condemns the plaintiff, taxpayer, to pay the 5 per cent. on the taxes to be collected on the assessment of $135,150, being the fee of the attorney for the tax collector. Their interpretation of the statute is. that, when the assessment is reduced more than 25 per cent., but not to the full extent, of the reduction claimed by the tax debtor, the fee of the attorney for the tax collector, being 5 per cent. of the

---

[1] Ante, p. 383.

amount of the taxes contested and collected, should be paid over by the tax collector out of such taxes, but should not be imposed upon the tax debtor as a penalty. The proposed correction of the decree is therefore a matter of mutual consent or agreement of all parties concerned.

The decree heretofore rendered is now amended so as to require the tax collector to pay over to his attorney the fee of 5 per cent. of the taxes collected upon the assessment of $135,150 out of the taxes so collected, and without imposing the fee as a penalty upon the tax debtor.