(97 South. 44)

No. 24875.

## MORTGAGE & SECURITIES CO. v. CITY OF NEW ORLEANS et al.

(May 8, 1922. Rehearing Granted June 22, 1922. Suit Dismissed by Joint Motion of Counsel on May 21, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Taxation** ⬰356—**Bills payable to banks cannot be deducted from amount of credits.**

Under Act No. 24 of 1918 (Ex. Sess.), providing for taxation of credits and for deduction of liabilities not exempt from taxation, bills payable to banks and not taxable to the banks under Act No. 14 of 1917 (Ex. Sess.) cannot be deducted.

2. **Taxation** ⬰356—**When accounts payable exceed accounts receivable excess should be deducted from bills receivable.**

In assessing credits under Act No. 24 of 1918 (Ex. Sess.), where accounts payable exceeded accounts receivable, their amount should have been deducted from the total taxable credits instead of assessing credits other than accounts receivable in full.

3. **Taxation** ⬰500—**Party suing for cancellation or reduction of assessment liable for attorney's fee when reduction was less than 25 per cent. of reduction claimed.**

Where one suing for cancellation or reduction of tax assessment obtained reduction not exceeding 25 per cent. of the reduction claimed it was liable for fee of tax collector's attorney amounting to 10 per cent. of amount of taxes to be collected, under Act No. 140 of 1916.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by the Mortgage & Securities Company against the City of New Orleans and others. From a judgment for defendants, plaintiff appeals. Amended and affirmed.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellant.

Harry P. Sneed, of New Orleans, for appellee Louisiana Tax Commission and State Tax Collector.

I. D. Moore, of New Orleans, for appellee Board of Assessors.

W. Catesby Jones, Asst. City Atty., of New Orleans, for appellee City of New Orleans.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

O'NIELL, J. This is an action to cancel a tax assessment, or in the alternative to reduce it. Plaintiff has appealed from a judgment rejecting the demand and imposing the statutory penalty of 10 per cent. on the taxes in contest, for the fee of the attorney for the tax collector.

The assessment was of bills receivable, listed under the description "Money at Interest, Credits and Bills Receivable," valued at $307,140.

Plaintiff's bills receivable amounted to $488,931.81; of which the sum of $181,788.23 was secured by mortgages on lands in Louisiana, which mortgages are exempt from taxation. The balance of $307,143.58 was secured by mortgages on lands in other states; which mortgages, of course, are not exempt from taxation in Louisiana. The accounts receivable amounted to $228,884.61. The total of the credits, therefore, was $717,816.42.

The bills payable amounted to $312,000, all represented by promissory notes payable to banks in Louisiana; and the accounts payable amounted to $267,797.92. The total sum of the debts or liabilities, therefore, was $579,797.92.

[1] The assessor did not list or assess the accounts receivable, because they were offset by the accounts payable. He listed only those bills receivable that were not secured by mortgages on lands in Louisiana, taking the round figures—speaking of the last three figures, of course—$307,140 instead of the exact figures, $307,143.58. The assessor refused to offset the bills receivable with the bills payable, because the latter were payable to banks and were therefore not tax-

able as assets of the creditors. Whether the offset should have been allowed, under the provisions of Act 24 of the Extra Session of 1918, p. 35, is the main question in the case. The statute declares:

"That all credits, including open accounts, bills receivable, judgments and all promissory notes not exempt from taxation shall be assessed in the same manner as all other personal property, but shall be offset and lessened by the actual bona fide accounts payable, bills payable and other liabilities of a similar character and which are not exempt from taxation, of the corporation, partnership, firm or individual in whose name the said credits are assessed, provided, that any indebtedness due by branch houses or subsidiary corporations to the parent company or corporation, or by corporations, the majority of whose capital stock is owned and controlled by another corporation, or by its stockholders, engaged in the same business, due to that other corporation so owning its capital stock, shall not be so deducted, and, provided further that the provisions of this act shall not apply to the assessment of banks and trust companies."

The reason why the statute is not applicable to banks or trust companies is that they are not assessed for taxes except upon their banking houses and real estate. According to Act 14 of the Extra Session of 1917, p. 20, the shares of stock are assessed to the shareholders, and the taxes are paid by the bank and charged to the shareholders, or to the bank's expense account, which has the same effect. The value of the shares of stock, of course, is the sum of the capital, surplus and undivided profits, which is ascertained by a statement required to be furnished by an officer of the bank. The amount of the assessment, therefore, represents the difference between the value of the bank's credits and the amount of its liabilities. Although the capital paid in is, as a matter of bookkeeping, a liability of the bank, it is, as a matter of fact, an asset of the stockholders. The important fact, however, is that a bank's bills receivable and other credits are not subject to taxation. Their value is offset, pro tanto, by the bank's liabilities; and the excess only represents the value of the taxable property—the shares of stock.

The manifest purpose of the statute of 1918 was to prevent a dual or multiple assessment of credits. Every credit is some one's else debt. Therefore, when the assessment of credits for taxes was allowed, there would have been, except for the Act 24 of 1918, no limit to the number of times that the same credit might have been assessed for the taxes of one and the same year. To illustrate: If A. owed B. $10,000, and B. owed C. that sum and C. owed D. that sum, etc., all of them together would, as far as that particular credit is concerned, be worth only $10,-000; and yet, except for the statute of 1918, the same credit might have been assessed to each and every creditor, ad infinitum. The statute of 1918, therefore, did for all taxpayers other than banks what the statute of 1917 had already done for each individual bank, or for its shareholders.

The statute of 1918, however, would have been too liberal to the taxpayers if it had allowed taxable credits to be offset by debts not taxable as credits of the party to whom they were payable. The statute, therefore, allowed credits to be offset only by debts "not exempt from taxation"—meaning, of course, not taxable as credits of the persons to whom they were payable. Debts due to banks are not taxable as credits of the bank. They are exempt from taxation—as immune as are United States bonds, mortgages on lands in this state, or any other exempted credits. The assessor, in this case, would have gone beyond the purpose of the statute if he had allowed plaintiff to offset the credits with the bills payable, all of which were payable to banks and were, therefore, not taxable as credits of the payees.

Plaintiff's alternative demand is that the assessment should be reduced to $78,724.27. Plaintiff recognizes that, even if the assessor should have allowed the credits to be offset by bills payable to banks, the bills payable

which are secured by tax-exempt collaterals might not be allowed as an offset against the taxable credits. The fact is that, in the $312,000 of bills payable, the sum of $122,-496 is secured in part by mortgages on lands in Louisiana, in part by United States bonds, and in part by bonds of municipalities in Louisiana; all of which securities are exempt from taxation; the balance, $189,504, of the bills payable being secured by collaterals that are not exempt from taxation. Therefore, in the alternative demand for a reduction of the assessment, plaintiff proposes to add the taxable bills receivable, $307,-143.58, to the accounts receivable, $228,884.-61; and, from the total of taxable credits, $536,028.19, deduct the bills payable that are not secured by exempted collaterals, $189,-504, leaving $346,522.19; from which deduct the accounts payable, $267,797.92, leaving, as the net value of the taxable credits, $78,-724.27. This calculation in plaintiff's alternative demand, however, is disposed of by our ruling that the assessor was right in his refusal to allow any of the bills payable to offset the bills or accounts receivable, because the bills payable were all payable to banks, and were, therefore, nontaxable as credits of the payees.

[2] The assessor was in error in refusing to allow the excess, $38,913.31, of the accounts payable, $267,797.92, after offsetting the accounts receivable, $228,884.61, to be allowed as an offset against the taxable bills receivable, $307,143.58. Deducting from that sum the excess of accounts payable, $38,913.-31, would leave $268,230.27, as the net taxable credits. In other words, the assessor should have deducted the accounts payable, $267,797.92, from the total taxable credits, $536,028.19, being $307,143.58 of taxable bills receivable plus $228,884.61 of accounts receivable. The remaining $268,230.27 represents the net taxable credits.

[3] Inasmuch as the reduction which we shall allow, $38,913.31, does not exceed 25 per cent. of the reduction claimed, plaintiff must pay the fee of the attorney for the tax collector, fixed by statute at 10 per cent. on the amount of taxes to be collected. Section 16 of Act 140 of 1916, p. 339.

The judgment appealed from is amended by reducing the assessment from $307,140 to $268,230, and, as amended, the judgment is affirmed. Plaintiff is to pay, as the fee of the attorney for the tax collector, 10 per cent. on the amount of taxes to be collected, and pay the costs of the civil district court.