(113 So. 839)

No. 28005.

TREMONT LUMBER CO. v. POLICE JURY
OF WINN PARISH et al.

July 11, 1927.

*(Syllabus by Editorial Staff.)*

1. **Highways** &#9109;125—**Special tax for road bonds held properly reduced, where reduced rate left surplus of nearly $2,000 (Const. art. 14, § 14; Act No. 46 of Ex. Sess. 1921, § 35).**

Tax of 10 mills on dollar for road bonds, levied under Const. art. 14, § 14, Act No. 46 of Ex. Sess. 1921, § 35, *held* properly reduced to 9½ mills where latter rate left surplus of nearly $2,000, for while taxing authority should make reasonable allowances for failure to collect, tax of 10 mills allowed too much margin.

2. **Highways** &#9109;129—**Statute restraining taxpayer's right to contest assessment held inapplicable to suit to reduce tax levy to pay road bonds (Act No. 97 of 1924).**

Act No. 97 of 1924, imposing certain restrictions on taxpayer's right to contest correctness or legality of assessment, is not applicable to suit to reduce tax levy to pay road bonds.

3. **Highways** &#9109;129—**Judgment condemning plaintiff to pay attorney's fee and costs in successful suit to reduce tax levy to pay road bonds held erroneous (Act No. 140 of 1916, § 16; Act No. 170 of 1898, § 56, par. 2).**

In suit to reduce tax levy to pay road bonds, judgment condemning plaintiff to pay attorney's fee and costs *held* erroneous where levy was reduced from 10 to 9½ mills on dollar, since taxpayer should not be penalized for resorting to courts in defense of illegal demand, and Act No. 140 of 1916, § 16, and Act No. 170 of 1898, § 56, par. 2, are inapplicable.

Appeal from Eighth Judicial District Court, Parish of Winn; F. E. Jones, Judge.

Suit by the Tremont Lumber Company against the Police Jury of Winn Parish and others. From the judgment, plaintiff appeals, and defendants answer the appeal. Judgment annulled in part; otherwise affirmed.

Theus, Grisham & Davis, of Monroe, for appellant.

Harry Fuller, Dist. Atty., of Winnfield, for appellees.

O'NIELL, C. J. The police jury of Winn parish organized a road district embracing the whole parish and, being authorized by a vote of a majority of the property taxpayers, issued bonds for $1,000,000. The amount of the bonds maturing in 1925, with interest due on the whole debt, was $79,400, and the cost of remittance was $350. The police jury was required by section 14 of article 14 of the Constitution and section 35 of Act 46 of Ex. Sess. 1921, p. 58, to levy a special tax sufficient to pay the amount falling due that year. The total value of all of the property assessed for taxes in that year was $9,107,-425. The police jury levied a tax of 10 mills on the dollar, which, if entirely collected, would have produced $91,074.25, or $11,324.25 more than enough to pay the bonds and interest falling due that year and the cost of remittance. An allowance, however, had to be made for the commissions of the assessor and tax collector and for taxes that might not be collected. The Tremont Lumber Company, being a large taxpayer, sued to reduce the tax levy to 9 mills on the dollar, alleging that a tax of 9 mills was sufficient to pay the bonds and interest falling due that year, and that a tax of 10 mills was grossly excessive. The avails of 9 mills of the tax amounted to $81,167.28. The assessor's and tax collector's commissions amounted to $3,939.66, which would have left $77,227.62 for payment on the bonds and interest due that year —a deficit of $2,522.38 on a 9-mill tax. The court gave judgment reducing the tax from 10 to 9½ mills on the dollar, which, after deducting the assessor's and tax collector's commissions, amounted to nearly $2,000 more than the amount of bonds and interest due that year, plus the cost of remittance. The court also condemned the plaintiff to pay all costs and the tax collector's attorney's fee of 5 per cent. on a tax of one-half mill on the dollar of the plaintiff's assessment. The plaintiff appealed, and the defendants, answering the appeal, pray that their exception of no cause of action, filed in the district court, should be maintained and the plaintiff's suit dismissed, or that the plaintiff's demand

for a reduction of the 10-mill tax should be rejected, and that the attorney's fee which the plaintiff is condemned to pay should be increased to 10 per cent.

[1] The judgment reducing the tax from 10 to 9½ mills on the dollar is substantially accurate. In levying a special tax under authority of section 14 of article 14 of the Constitution and section 35 of Act 46 of 1921, the taxing authority ought to make a reasonable allowance for failures to collect. The tax of 10 mills on the dollar allowed too much margin. A tax of 9 mills on the dollar would not have been sufficient. The surplus of nearly $2,000 on the tax of 9½ mills was not exorbitant. We approve the judgment of the district court in that respect.

[2] The defendant's exception of no cause or right of action was based upon Act 97 of 1924, p. 168, imposing certain restrictions upon the right of a taxpayer to contest the correctness or legality of his assessment. The statute is not applicable to this case because this is not a suit to reduce or correct an assessment; it is a suit to reduce the tax levy itself.

[3] The district court did not cite any statutory authority for condemning the plaintiff to pay the tax collector's attorney's fee, and the attorneys have not referred us to any such authority. Section 16 of the Act 140 of 1916, p. 339, purports to impose the penalty of 10 per cent. attorney's fee on an unsuccessful taxpayer, under certain conditions, in a suit for a reduction of the valuation made by the assessing authorities. That statute does not seem applicable to this case. The second paragraph of section 56 of the Act 170 of 1898, pp. 373, 374, purports to impose the penalty of 10 per cent. attorney's fee on an unsuccessful taxpayer in a suit for the collection of a tax or in an injunction proceeding to restrain the collection of a tax. We doubt that that statute is quite applicable because this is not a suit to collect a tax, and is not an injunction proceeding to restrain the collection of a tax. Be that as it may, neither of the statutes referred to could be so construed as to penalize a taxpayer for resorting to the courts in defense of an illegal demand upon him. Such a statute would not be consistent with due process of law, even in a case where the party resisting the illegal demand is not entirely successful or right in his complaint. The lawmaker cannot impose a penalty for nonpayment of an unjust or exorbitant demand. Seaboard Air Line Ry. v. Seegers, 207 U. S. 73, 28 S. Ct. 28, 52 L. Ed. 108; St. Louis Iron Mountain & Southern Railway Co. v. Wynne, 224 U. S. 354, 32 S. Ct. 493, 56 L. Ed. 799, 42 L. R. A. (N. S.) 102.

The judgment appealed from is annulled so far as it condemns the plaintiff to pay an attorney's fee and costs, and is otherwise affirmed at the cost of the appellees.