## No. 376

### First Circuit

## GULF PUBLIC SERVICE COMPANY v. LOUISIANA TAX COMMISSION

(December 4, 1928. Opinion and Decree.)

Harry P. Sneed, of New Orleans, attorney for plaintiff, appellant.

J. Sheldon Toomer, of Lake Charles, attorney for defendant, appellee.

MOUTON, J. Plaintiff company is the owner of a manufacturing plant with equipments and improvements on city lots situated in the City of DeQuincy, Calcasieu Parish.

The manufacturing plant was assessed at sixty-five thousand dollars ($65,000.00), and the improvements on the lots at five thousand dollars ($5,000.00), by the Assessor of Calcasieu. These assessments were approved by the Board of Equalizers of the parish.

After completion of the assessment rolls the Louisiana Tax Commission ordered the Assessor to increase the assessment on the improvements on the city lots to eight thousand five hundred dollars ($8,500.00), and on the manufacturing plant to one hundred and seven thousand nine hundred dollars ($107,900.00).

Plaintiff, contending that the assessment of the Tax Commission is excessive, brings this suit to have it reduced to the amount originally fixed by the Assessor and approved by the Board of Equalizers.

The District Judge decreed a reduction of the assessment on the city lots to five thousand dollars ($5,000.00), but refused a reduction on the manufacturing plant, and approved the valuation of one hundred and seven thousand nine hundred dollars ($107,900.00), which had been fixed by the Tax Commission.

The lower court ordered plaintiff to pay the Tax Collector ten per cent (10%) additional on the taxes due and collectible for attorney's fees to the attorney appointed to assist him.

The contention of the plaintiff is, in substance, that when a plaintiff sues for a reduction of his assessment, and his demand is granted in part and rejected in part, he is not liable for attorney's fees.

The total assessment by the Tax Commission amounted to one hundred and sixteen thousand four hundred dollars ($116,-400.00), which was reduced by the court to the sum of one hundred and twelve thousand nine hundred dollars ($112,900.00).

Plaintiff finds no error in the judgment thus reducing the assessment, but directs his complaint exclusively against the decree imposing the ten per cent (10%) tax as attorney's fees. His contention is that when the suit for reduction is maintained in part and disallowed in part, such fees should not be granted. Under the provisions of Act 170 of 1898, section 56, attorneys representing Tax Collectors in all proceedings for the reduction of assessments or when it is sought to restrain the collection of taxes, are entitled to a compensation of ten per cent (10%) on the amount collected. In a later Act, that of 1916, No. 140, under section 16, the commission of the attorney is fixed at ten per cent (10%) on the amount of the taxes involved when the assessment is sustained or not reduced more than twenty-five per cent (25%) of the reduction claimed.

In the instant case the reduction obtained was far from the twenty-five per cent (25%) spoken of in the statute, and under its provisions the commission of ten per cent (10%) accrues to the attorney, unless there be some merit in the contention of counsel for plaintiff that under a recent decision of the Supreme Court, in Tremont Lbr. Co. vs. Police Jury of Winn Parish, et al., 164 La. 259, 113 So. 839, such a commission cannot be taxed to the unsuccessful plaintiff in cases of this character.

Before referring to the decision above cited on which counsel for plaintiff places his entire reliance, it may be appropriate to consider the adjudications of our courts on this question in prior decisions.

In State ex rel. Stemple vs. City of New Orleans, 105 La. 768, 30 So. 97, the statute of 1898, fixing the ten per cent (10%) attorney's fees and which runs on practically the same lines with the provisions of section 16 of Act 140 of 1916, the court said that the statute did not exceed the power of the Legislature and was neither invalid nor unconstitutional. The attorney's fees of ten per cent (10%) imposed in the case were maintained.

In the case reported in a later decision, Liquidating Com. N. O. Whse. Co. vs. Marrero, 106 La. 130, 30 So. 305, the constitutionality of Act 170 of 1898, was again attacked. The court then held that this commission of ten per cent, thus imposed on the unsuccessful tax register, is regarded as costs, and falls legitimately within legislative control and regulation.

The court further said that the constitutionality of such statutes had been challenged in various states but had been upheld by the courts.

In the still more recent decisions reported in Baton Rouge Water Works Co. vs. Bd. of State Affairs et al., 149 La. 391, 89 So. 247; Show vs. Watson, 151 La. 893, 92 So. 375, and Mortgage & Securities Co. vs. City of New Orleans et al., 153 La. 1073, 97 So. 44, the court held that where the assessment was not reduced to an amount exceeding twenty-five per cent (25%) of the reduction claimed, the tax debtor was liable to ten per cent (10%) on amount of taxes collected. It may therefore be safely stated that our courts have for many years, and in several decisions, maintained the validity of the ten per cent (10%) attorney's fees imposed on unsuc-

cessful suitors in suits of this character, either under the provisions of Act 170 of 1898, or 140 of 1916. We understand that counsel for plaintiff admits that our courts had so decided in the decisions rendered prior to the case of Tremont Lumber Company vs. Police Jury of Winn Parish, 164 La. 259, 113 So. 839, but that in this, the latest expression of the court on the subject under discussion, it had not followed the doctrine previously announced.

It will be noticed that in the 164 La. case, the court in the course of the opinion took occasion to remark, that the case was not to reduce or correct an assessment, but was for the purpose of reducing the tax levy itself. It was therefore held that Acts 170 of 1898, and 140 of 1916, were inapplicable. Here the suit is unquestionably for the reduction of the assessment and its correction, which brings the issue clearly within the grasp of the sections of the Acts hereinabove referred to. There is not a single expression of the court in the case cited by counsel for plaintiff indicating that it had any reason to question the soundness of the decisions previously rendered upholding the legality and constitutionality of the provisions of the statutes under which the attorney's fees were taxed against plaintiff. If the court had intended to depart from its former rulings on the subject, there can be no doubt that it would have emphatically so declared. It has not, and as long as it does not, we must be guided by its former decisions.

The only question presented is as to whether the issue comes under the operations of the statutes, and is to be regulated accordingly.

Our conclusion is that it does and that plaintiff was properly held for the ten per cent (10%) attorney's fees as decreed below.