(139 So. 635)

**NEW ORLEANS SECURITIES CO., Inc., v. CITY OF NEW ORLEANS et al.**

No. 31442.

Jan. 4, 1932.

Rehearing Denied Feb. 1, 1932.

Michel Provosty, City Atty., and Francis P. Burns, Asst. City Atty., both of New Orleans, for appellant city.

Rene A. Viosca, of New Orleans, for appellant Louisiana Tax Commission.

Leslie P. Beard and Harry P. Sneed, both of New Orleans, for appellee.

OVERTON, J.

There appears on the tax rolls of the state and of the city of New Orleans, as a basis for the taxes of 1930, an assessment against plaintiff, described as credits, bills receivable, judgments, etc., amounting to $355,000. The purpose of this suit is to cancel the assessment on both rolls as illegal.

In the year named, plaintiff filed with the Louisiana tax commission a report showing credits, consisting of bills and accounts receivable, amounting to $436,190, and bills and accounts payable, amounting to $875,993. It is obvious that the bills payable are more than sufficient to offset the bills and accounts receivable. Plaintiff attached a copy of the report to its return to the board of assessors of the parish of Orleans. This was done on February 18, 1930. Of the bills payable, approximately the sum of $772,000 was payable to the New Orleans Bank & Trust Company for loans made by it to plaintiff, and approximately $100,000 for a loan made to plaintiff by a New York bank.

The Louisiana tax commission refused to authorize the offset of the bills receivable by the bills payable, because the bills payable to the New Orleans and New York banks were not subject to taxation and were not assessed, and therefore to permit the offset would be granting, in effect, an exemption from taxation, not authorized, but rather prohibited, by the Constitution of this state.

The assessment is governed by Act No. 24 of 1918 (Ex. Sess.), page 35, in connection with which must be considered section 4 of article 10 of the Constitution of 1921, as amended in 1926, the amendment appearing at the close of the acts of 1926, on page 17 of the constitutional amendments of 1926. There must also be considered, in connection with the act of 1918, article 230 of the Constitution of 1913, under which the act of 1918 was passed, and incidentally Act No. 14 of 1917 (Ex. Sess.). Act No. 24 of 1918, Ex. Sess., omitting the repealing clause, reads as follows, to wit:

"All credits, including open accounts, bills receivable, judgments and all promissory notes *not exempt from taxation* shall be assessed in the same manner as all other personal property, but shall be off-set and lessened by the actual bona fide accounts payable, bills payable and other liabilities of a similar character *and which are not exempt from taxation*, of the corporation, partnership, firm or individual in whose name the said credits are assessed, provided, that any indebtedness due by branch houses or subsidiary corporations to the parent company

or corporation, or by corporations, the majority of whose capital stock is owned and controlled by another corporation, or by its stockholders, engaged in the same business, due to that other corporation so owning its capital stock, shall not be so deducted, and, provided further that the provisions of this act shall not apply to the assessment of banks and trust companies." (Italics ours.)

The section of the Constitution of 1921, which must be considered in connection with Act No. 24 of 1918 (Ex. Sess.), namely, section 4 of article 10, as amended in 1926, contains many exemptions from taxation. That part of the section, which has any bearing whatever on the assessment reads as follows:

"The following property, and no other, shall be exempt from taxation: * * *

"Cash on hand or on deposit; loans or other obligations secured by mortgage on property located exclusively in the State of Louisiana, and the notes or other evidence thereof; *loans by life insurance companies to policyholders,* secured solely by their policies; loans by homestead associations to their members, secured solely by stock of such associations; *debts due for merchandise or other articles of commerce or for services;* obligations of the State or its political subdivisions. * * * *"

The act of 1918 must also be considered in connection with the Constitution of 1913, for it was under that Constitution that the act was passed. The Constitution of 1913 contains an article, namely, article 230, which, as far as pertinent, reads:

"The following shall be exempt from taxation, and no other, viz.: * * * There shall also be exempt, from taxation, loans made upon the security of mortgages granted upon real estate situated in this State, as well as the mortgages granted to secure said loans, and the notes, bonds or other written instruments evidencing the said loans, whether in the hands of the mortgagee, or his or their transferees; and all loans made by life insurance companies to their policyholders, upon the sole security of policies held by the borrower in the company making the loans, as well as all notes or other written instruments, evidencing such loans; provided, that in the case of loans upon policies of life insurance, as aforesaid, the rate of interest charged upon such loans does not exceed five per cent (5%) per annum discount."

By Act No. 52 of 1914, adopted by the people, as a constitutional amendment in November of that year, there was also added to these exemptions all money in hand or on deposit, and loans made by homestead associations or societies to their members, secured by stock of the association or societies. Long's Compilation of Constitutions of Louisiana, p. 344.

It is obvious that, since the Constitution of 1913, under which the act of 1918 was passed, specifically names the property that shall be exempt from taxation, and expressly excludes all other property from exemption, the act so far as it may conflict with that instrument was unconstitutional when passed, and, if it does so conflict, is still unconstitutional. For a similar reason, it is obvious that, if the act, in any respect, conflicts with the Constitution of 1921, it is to that extent repealed by that instrument, provided the conflict is as to a provision of the Constitution not requiring legislation to enforce it. Const. 1921, § 1, art. 22. The Constitution of 1913, as does that of 1921, prohibits the Legislature from adding to the exemptions granted.

The clause in the first part of the act, reading, "all credits, including open accounts, bills receivable, judgments, and all

promissory notes not exempt from taxation," meant, when passed, all such property, not exempt from taxation, under the Constitution of 1913, which was then in force. The clause, following later on in the act, which reads, "but shall be off-set and lessened by the actual bona fide accounts payable, bills payable and other liabilities of a similar character and which are not exempt from taxation," meant, when the act was passed, such indebtedness, not exempt from taxation, under the Constitution of 1913, as credits of those to whom the indebtedness is due. Therefore, there is no conflict, as to these clauses, between the act, and the Constitution, and hence the act appears to be constitutional. By force of the Constitution of 1921, which, so far as relates to exemptions, is self-acting, the act now means, as relates to exemptions in both instances, the exemptions which exist under the Constitution of 1921.

There is nothing in either Constitution exempting from taxation, as credits, debts due by banks or others for loans made to them, not secured by mortgage on property located in the state, whether the debts are due to other banks, or to corporations, firms, or individuals.

While the loans to plaintiff, in this instance, were likely made out of deposits in the lending banks, and while cash on hand or on deposit is exempt from taxation, yet when the bank making the loan converts the cash deposited to its own use, and lends it to others, which is within its rights, the cash deposited loses its character as an exemption, and the indebtedness arising, not secured by mortgage on property, located exclusively in this state, becomes a credit of the lending bank, subject to taxation.

It is a matter of no importance that a part of the indebtedness, which plaintiff wishes to offset against its credits, is due to a bank outside of the state, and therefore that the situs of the credit, arising therefrom, may be said to be outside of the state, and for that reason, not subject to taxation here. It is not the situs of the credit, arising from the indebtedness, or ordinarily the person to whom due, that must be taken into account, in determining whether it is exempt, within the intendment of the Constitution, but it is the character of the credit. Were it so that the situs of the credit, or the person to whom the credit is due, is a criterion of exemption from taxation, it frequently would happen, where the credit is evidenced by a negotiable instrument, that the debtor would not know whether his creditor was domiciled in or out of the state, or who he was, and the rule therefore would not be workable. In fact, because the situs of a credit is outside the state is scarcely a basis for exemption, for the state could not tax it, if it so desired, and the power to exempt property from taxation usually implies the power to tax it, if this be desired.

Defendants rely on the case of Mortgage & Securities Co. v. City of New Orleans et al., 153 La. 1073, 97 So. 44. In that case it was expressly held, contrary to the view here expressed, that debts due to banks are not taxable as credits of the bank, but that they are exempt from taxation. That case, however, is not precedent, though the views expressed therein are entitled to careful consideration. It is not precedent, because the court granted a rehearing in the case, and the suit was dismissed on joint motion of counsel, before the case was again decided.

As we have said, there is nothing in the Constitutions of either 1913 or 1921, exempting credits due banks from taxation, for money loaned, not secured by mortgage, nor does the act of 1918, which by its terms, does not

apply to banks, attempt to create any such exemption. The same may be said of Act No. 14 of 1917 (Ex. Sess.), providing for the assessment of shares of stock and real estate of all banks in this state.

The credits due plaintiff, not exempt from taxation, are more than offset by the indebtedness due by it, not exempt from taxation. The assessment of the credits, as was held by the lower court, should therefore be cancelled.

We observe that the judgment of the lower court inadvertently orders the cancellation of the assessment for the year 1931, instead of for the year 1930. This is a manifest clerical error, since the assessment of 1931 was not before the court. The error will be corrected.

The judgment, after correcting the foregoing clerical error as to the date of the assessment to be canceled, is affirmed.