66 So.2d 583

## DENNIS v. RAPIDES PARISH SCHOOL BOARD.

### No. 41173.

June 1, 1953.

Provosty, Sadler & Scott, Alexandria, for plaintiff-appellant.

Ben F. Thompson, Jr., Alexandria, for defendant-appellee.

PONDER, Justice.

This is a suit by a taxpayer attacking the validity of the issuance of $89,000 in certificates of indebtedness by the Rapides Parish School Board pursuant to an election held on March 11, 1952. The defendant pleaded the peremption of 30 and 60 days, as set out in LSA–Revised Statutes 39:518 and Article 14, § 14(n) of the Constitution. The District Court upheld the validity of the election and legality of the certificates of indebtedness, overruled the defendant's pleas of peremption, denied the injunction and dismissed plaintiff's suit. The plaintiff has appealed.

According to an agreed statement of facts, an election was called on January 5, 1948 by the Rapides Parish School Board and the taxpayers of Pineville School District No. 52, Rapides Parish, voted a special tax, under Article 10, § 10 of the Constitution of Louisiana, to run for a period

of five years. On March 11, 1952, this tax still had one year to run, but at that time there were no bonds or certificates of indebtedness issued or outstanding to which the tax of 1948 was dedicated. Pursuant to an ordinance adopted by the Rapides Parish School Board at its regular meeting, held February 6, 1952, and pursuant further to the permission granted by the Louisiana State Bond and Tax Board, a special election was regularly called and was held on March 11, 1952, at which the following propositions were submitted to the taxpayers of the district qualified to vote:

1. To cancel the special tax of five mills on the dollar, which said tax was voted at a special election held on January 5, 1948, to run for a period of five years, and which said tax has a period of one year to run.

2. To levy a special tax of five mills on the dollar for a period of ten years under the provisions of section 10, Article 10 of the Constitution of Louisiana of 1921 for the purpose of issuing certificates of indebtedness under authority of Act 188 of 1932 and Act 428 of 1948, LSA–R.S. 17:98, the fund thus derived to be used for constructing and improving school houses in the said Pineville School District No. 52.

It is alleged by the plaintiff that all of the proceedings in connection with the calling, holding and canvassing of said election of March 11, 1952, as well as the sale and proposed delivery of said certificates of indebtedness are illegal, null and void for the reason that the defendant School Board had no legal authority, under the provisions of Article 10, § 10 of the Constitution of Louisiana of 1921, to call an election in said School District to cancel the five mill tax voted on January 5, 1948, said tax having until January 1, 1953 to run. Consequently, plaintiff contends that Proposition Number 1, submitted to the voters in said election, was illegally submitted, and that the tax authorized by Proposition Number 2 thereby exceeds the five mill limit fixed by Article 10, § 10 of the Constitution.

It is admitted that at the time the property taxpayers voted to cancel the tax authorized by the election of January 5, 1948, there was no outstanding certificates of indebtedness or other obligations secured by said tax and the Rapides Parish School Board was indebted to no one as a result of said authorized tax, which was cancelled under the authority of the election held on March 11, 1952.

The trial judge in his reasons for judgment held that:

"The Court finds as a matter of law that the Rapides Parish School Board has the right to cancel the special tax of five (5) mills on the dollar on all of the taxable property in Pineville School District No. 52, which tax was voted at a special election held on January 5, 1948, to run for a period of five (5) years and which said tax, at the time of the election, had a period

of one year to run. That the School Board had a right to levy a special tax of five (5) mills, under the provisions of Article 10, Section 10 of the Constitution of Louisiana as authorized at the election of the qualified voting taxpayers in Pineville School District No. 52, on March 11, 1952. The Court knows of no constitutional or statutory provision which would prohibit the concellation of any tax where said tax has not been funded into debt and where no outstanding bonds or certificates of indebtedness are secured by it. In support of this conclusion the Court is of the further opinion that there would be some doubt as to whether the 1952 tax authorized by the voters of the School District could be levied when there were no outstanding certificates or bonds to be satisfied. Mouton v. City of Lafayette, 1934, 178 La. 1041, 152 So. 751; Kansas City Southern Ry. Co. v. Hendricks, 1922, 150 La. 134, 90 So. 545.

"In the case of Tremont Lumber Co. v. Police Jury of Winn Parish, 1927, 164 La. 257, 113 So. 839, the court on petition of a taxpayer reduced a 10-mill tax to a 9½-mill tax on the ground that the 10-mill tax was more necessary to pay the bonds and interest falling due in the year in which the millage was assessed, together with costs. If a taxpayer can invoke the aid of the court in reducing a tax millage levied when in excess of the requirements to be met, certainly a majority of the taxpayers in the district are entitled to cancel a tax levy by vote when a tax levy is not necessary."

The reasoning advanced by the district judge is sound. We known of no reason why the tax imposed pursuant to the election held on January 5, 1948 could not be terminated by the voters of the School District when there are no outstanding certificates of indebtedness and no other obligations secured by the tax. They authorized the imposition of the tax and it would certainly follow that they had the right to authorize the termination of the tax when it was no longer necessary.

In view of our conclusion it is not necessary to pass on the pleas of peremption.

For the reasons assigned, the judgment is affirmed.