(89 South. 249)

No. 23643.

**MACKAY TELEGRAPH CO. v. BOARD OF STATE AFFAIRS et al.**

(June 15, 1921.)

*(Syllabus by Editorial Staff.)*

**1. Taxation ⬳347—Value determined as of year of assessment.**

The value of property for taxation purposes is to be determined as of the year of the assessment, and not of some past year.

**2. Taxation ⬳442—Assessment presumed correct.**

The assessment of property of a taxpayer on the rolls is presumed to be correct until the contrary is proved.

**3. Taxation ⬳319(2)—Evidence held insufficient to prove assessment incorrect.**

In a telegraph company's suit to reduce valuation placed upon its property by the board of state affairs in the assessment for taxation, evidence *held* insufficient to overcome presumption as to correctness of assessment.

O'Niell, J., dissenting.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge.

Suit by the Mackay Telegraph Company against the Board of State Affairs and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Farrar, Goldberg & Dufour, of New Orleans (Alfred C. Kammer, of New Orleans, of counsel), for appellant.

A. V. Coco, Atty. Gen. (Harry P. Sneed, of New Orleans, of counsel), for appellees.

PROVOSTY, J. This suit is in reduction of the valuation placed upon plaintiff's property by the board of state affairs in the assessment for taxation in the year 1917.

The property figures on the assessment roll as follows:

| | |
|---|---:|
| 558.10 miles poles at $255 per mile......... | $142,316 00 |
| 1,972.50 miles copper wire at $45 per mile.. | 88,745 00 |
| 1,269.00 miles iron wire at $25 per mile.... | 31,725 00 |
| 3,200.00 feet cable at $1.25 per foot......... | 4,000 00 |
| Poles, wires, and instruments in New Orleans ..................................... | 100,000 00 |
| Furniture and fixtures in New Orleans.... | 3,000 00 |
| Total ................................. | $369,786 00 |

Plaintiff contends that the valuation should be reduced as follows:

| | |
|---|---:|
| 558.10 miles of poles at $181.60 per mile.... | $101,350 96 |
| 1,972.50 miles of copper wire at $33.90 per mile ....................................... | 66,855 88 |
| 1,269.00 miles of iron wire at $17.12 per mile ........................................ | 21,725 28 |
| 3,200.00 feet of cable at $0.32½ per foot.... | 1,040 00 |
| Poles, wires, cables and instruments at New Orleans ............................. | 39,339 92 |
| Furniture and fixtures at New Orleans, about ..................................... | 3,000 00 |
| Total ................................. | $233,312 04 |

Plaintiff owns three lines extending outside of the city of New Orleans. Of the cost of two of them, constructed in 1888 and 1892, the one witness who testified for plaintiff on the subject knew nothing, except from estimates based upon the cost of the third construction in 1912. The witness adds an estimated increase of 30 per cent. in cost and a 20 per cent. depreciation, and concludes that the value in 1917 should be the cost as of 1912 plus an increase of 10 per cent. The testimony of the one witness who testified as

149 LOUISIANA REPORTS

to the property within the city limits is just as vague.

In the return made by plaintiff to the assessor of the property situated in the parish of Orleans the valuation was $14,000, comprising 30 miles of poles, 195 odd miles of copper wire, and 91 odd miles of iron wire. In plaintiff's inventory submitted in this case this same property is valued at $54,000.

Plaintiff's witness fixed the value of the copper wire at $37.77 per mile. After returning to his office in Atlanta, Ga., he addressed a letter to the Attorney General correcting this estimate to $45.76 per mile.

No attempt whatever is made by plaintiff to establish what the property as an established system would sell for at private sale, which is the test prescribed by the Constitution for ascertaining actual cash value for purposes of assessment.

[1] Learned counsel argue that the prices of labor and materials in the year 1917 were very much higher than those at the time the lines were constructed, and that the basis of valuation should not be these inflated prices, but those prevailing at the time of construction. But manifestly the value of the property is to be determined as of the year of the assessment, and not of some year in the past.

[2] "It is settled that the assessment of the property of a taxpayer on the rolls" is "presumed to be correct until the contrary is proved." Cotton Exchange v. Board of Assessors, 37 La. Ann. 423.

[3] Plaintiff has at best succeeded in raising a doubt as to the exact correctness of the valuation. This, as a matter of course, does not suffice.

The judgment maintaining the assessment and rejecting plaintiff's demand is therefore affirmed.

O'NIELL, J., dissents, being of the opinion the assessment should be reduced.