(109 So. 351)

No. 27218.

**PEAVY–WILSON LUMBER CO. v. JACKSON, Assessor, et al.**

(June 28, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Taxation ⬩319(2).**

Presumption that valuation fixed by tax commission is correct may be rebutted.

**2. Taxation ⬩347.**

Value of property for taxation purposes must be determined as of year of assessment, and not as of some past year.

**3. Taxation ⬩347.**

"Actual cash value" of property to be assessed within Const. 1921, art. 9, § 1, is price in cash for which property could be sold, free of all incumbrances, otherwise than at forced sale.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Actual Cash Value.]

**4. Taxation ⬩366.**

Corporation report to tax commission under Act No. 140 of 1916, § 10, par. 14, as amended by Act No. 211 of 1918, § 1, is not proper basis of assessment, but is merely intended for comparison to arrive at average fair value of plants and products of corporation.

**5. Taxation ⬩347.**

Book value or cost price fixed on property by taxpayer or value at which he expects to sell it is not proper basis of assessment.

**6. Taxation ⬩499.**

Judgment for plaintiff in action to reduce assessment by state tax commission *held* to reflect reasonable valuation of sawmill plant and its houses, cabins, storehouse, and office buildings.

Appeal from Eleventh Judicial District Court, Parish of Sabine; Hal A. Burgess, Judge.

Action by the Peavy-Wilson Lumber Company against Robert B. Jackson, Assessor, and others. Judgment for plaintiff, and defendants appeal. Affirmed.

S. D. Ponder and J. B. Hill, both of Many, for appellants.

R. A. Fraser, of Many, for appellee.

LAND, J. Plaintiff company is engaged in the lumber business at Peason, in the parish of Sabine, and returned for assessment for the year 1924 its sawmill plant at a valuation of $200,000, and its houses, cabins, storehouses, and office buildings at a valuation of $75,000.

The valuation placed by plaintiff company on its property in its rendition for assessment was adopted by the assessor for the parish of Sabine, and approved by the parish board of equalization.

The Louisiana tax commission, however, increased the valuation placed on the sawmill plant from $200,000 to $221,000, and on the

houses, cabins, etc., from $75,000 to $126,-000, or a total increase in assessment of $72,000.

After a consideration of petitioner's protest against this increase, the police jury of Sabine parish, sitting as a board of reviewers, recommended to the commission to reform its instructions to the assessor, and to accept as a basis for assessment the valuation placed upon said property by petitioner, the assessor, and the board of equalization. This recommendation was refused by the commission, and the assessor of Sabine parish was ordered to place the property of petitioner upon the assessment rolls of said parish at the valuation fixed by that body.

This is a suit to annul and set aside the increase in said assessment as being arbitrary, excessive, and illegal, to restrain the tax authorities and the tax collector from enforcing the payment or collection of taxes based upon the valuation made by the commission, and to have decreed as the basis for the assessment of petitioner's property for the year 1924 the original returns made by it, and accepted and adopted by the assessor and the board of equalization of the parish of Sabine.

From a judgment in favor of plaintiff company maintaining the valuation of the property for assessment as returned by it, the defendants have appealed.

1. It is conceded that the valuation fixed by the Louisiana tax commission is presumed to be correct, and that the burden of proving the contrary rests upon plaintiff company.

[1] This presumption, however, is rebuttable, and we are of the opinion that the facts of the case are sufficient to sustain the judgment of the lower court.

The Louisiana tax commission offered no witnesses on the trial of the case to prove that the valuation as determined by it was fair, and not more than the actual cash value.

We find from the minutes of the commission that the valuation fixed by it is said to be based upon a judgment of the Twelfth judicial district court for the parish of Sabine, rendered on the 15th day of January, 1923, and that the commission, in fixing the values of 1924, used the values of 1923, and allowed a 5 per cent. depreciation.

The judgment in question is before us. While this judgment was rendered January 15, 1923, it did not fix the assessment values for 1923, but for 1922. The issue in that case, as shown by the petition, was as to the assessment for the year 1922 of pine timber and timber lands in the parish of Sabine, owned by plaintiff company.

Even had this judgment fixed the valuation of the sawmill plant and houses, cabins, etc., of petitioner for the year 1922, it would be irrelevant as a basis of valuation for assessment of this property for the year 1924, two years later, for several reasons.

[2] In the first place, the value of property for taxation purposes is to be determined as of the year of assessment, and not of some past year. Mackay Telegraph Co. v. Board of State Affairs et al., 149 La. 397, 89 So. 249.

[3] In the second place, the "actual cash value" of property to be assessed is the price, in cash, for which the property could be sold, free of all incumbrances, otherwise than at forced sale. Industrial Lumber Co. v. Oden, Tax Collector, et al., 147 La. 751, 85 So. 901; Const. 1921, art. 9, § 1.

This is the constitutional basis for assessment, and non constat that property in 1924 would sell for the same price as in 1922 in the open market. A mere deduction of 5 per cent. for depreciation, under such circumstances, is purely an arbitrary computation as to value, and is not the character of assessment contemplated and required by the fundamental law of the state.

[4-6] There was offered in evidence by defendants a corporation report, known as a manufacturing and industrial plant report, made by plaintiff to the Louisiana tax commission in the year 1923, as required by paragraph 14, § 10, of Act No. 140 of 1916, as amended by section 1 of Act No. 211 of 1918.

It is clear that such reports are not intended as the basis of individual assessment, but for comparison, in order to arrive at an average fair value of the plants and products of such corporations.

The book value or cost price a taxpayer may fix on property of this kind, or the value at which he expects to sell it, is very different from the price for which such property may be sold for cash, at private sale, which is the true and legal basis of assessment.

The insurance schedule, made part of the corporation report, shows a total insurance of only $146,000, as against an assessment made by the Louisiana tax commission of $347,000. This schedule was not made by plaintiff company, and its only purpose is to show the percentage of value on the various items insured, in the event of settlement for losses by fire. Its probative value as affecting the assessments in this case is negligible. In our opinion, the presumption of the correctness of the assessment of plaintiff company's property for the year 1924 is much weakened by the character of the evidence upon which it is based.

The value of sawmill plants, buildings, and equipment depends on the life of the timber. As soon as that is cut, the whole outfit becomes a pile of junk, a lot of abandoned and tenantless buildings, with a salvage value only.

The evidence shows that the life of plaintiff company's plant is estimated at about six years, and has a daily run of 121,000 feet of timber. The mill was established at

161 La.—22

Peason in the year 1916 in the southeast corner of Sabine parish, and is near the Vernon and Natchitoches parish line. The timber owned by plaintiff company, and with which the Peason mill is fed, extends into Vernon and Natchitoches parishes.

It is also shown that the W. K. Grandin Lumber Company at Slagle in Vernon parish has a larger capacity and newer plant than that of the Peavy-Wilson Lumber Company. The assessment of the former plant for the year 1924, as approved by the state tax commission, with $43,500 for town residences added, amounts to $269,850, as compared to an assessment by the commission against the Peavy-Wilson Company for the same year of $347,000. The houses for the white and negro employees of plaintiff company were built in 1916, and the roofs of all of the negro houses and a part of the white houses have rotted off.

The years 1918 to 1920 were inflation years. Material, labor, and everything were about 33⅓ per cent. higher than at the present time. For this reason the book value of this property cannot be accepted as its true present value. Taking into consideration the age and condition of these houses, and the depreciation of the plant, two experienced mill men testified that $75,000 would have been a fair and reasonable price on January 1, 1924, for the houses, cabins, storehouse, and buildings, and $200,000 for the sawmill plant of plaintiff company.

The assessor, board of equalization, and police jury of Sabine parish, sitting as a board of reviewers, were also of the same opinion.

The trial judge who saw the witnesses on the stand, and heard them testify, is presumed to know their reputations for truth and veracity. Evidently he accepted the testimony of those witnesses as true, and gave weight to same. He is presumed to be acquainted with the local officers who are

charged with the duty of assessing and equalizing assessments, as well as with local conditions. The findings as to facts by the trial judge must, necessarily, be accepted by this court, as we do not find any clear error as to such findings.

Considering the testimony of the witnesses, the relative values placed upon sawmill property by the commission in the parish of Vernon and Sabine, as shown by assessment lists and testimony in the record, the action of the local officers in approving the assessment of plaintiff company, for the year 1924, the life of the plant, the natural depreciation of machinery, and the condition and age of the houses for mill hands, we feel satisfied that the judgment appealed from reflects a fair and reasonable valuation for the assessment of the property of said company for the year 1924.

Judgment affirmed.