and fire, and some 1,200 corpses could not be identified.

We think the probate judge had sufficient grounds for concluding from the foregoing that Edward Nelson was dead. Mere absence alone may not suffice to establish a death, but when taken in connection with other facts and circumstances it may suffice for concluding that the person who has disappeared is dead. Spreen v. Cassman, 10 Orleans App. 183; Boyd v. New England Mut. Life Ins. Co., 34 La. Ann. 848; Jamison v. Smith, 35 La. Ann. 609; Tobin v. U. S. Safe Deposit & Sav. Bank, 115 La. 366, 39 So. 33.

### IV.

But beyond this, where the probate judge having jurisdiction has solemnly inquired into and solemnly declared the death of the person who had disappeared and the opening of his succession, his judgment thereon is conclusive until set aside in a proper proceeding or until it be shown conclusively that such person is still alive. Succession of Jones, 12 La. Ann. 397; Davis v. Greve & Wilderman, 32 La. Ann. 420; Rachel v. Jones, 34 La. Ann. 108.

### Decree.

The judgment appealed from is therefore affirmed.

(116 So. 723)

No. 28969.

**TREMONT LUMBER CO. v. BOND et al.**

April 9, 1928.

William J. Hammon, Dist. Atty., of Jonesboro, for appellants.

Theus, Grisham & Davis and Thomas W. Leigh, all of Monroe, for appellee.

ST. PAUL, J. This is an appeal from a judgment enjoining and restraining defendant tax collector and the parish of Jackson from collecting an additional two-mill special property tax, over and above an admitted ten-mill special property tax, to pay certain school bonds issued in 1920 by virtue of a vote of the property taxpayers.

When the bonds were voted and issued, the Constitution of 1913, art. 281, limited the tax to be levied for the payment of such bonds to ten mills in any one year. And

that limit still continues, for the bonds were issued under the authority of *that* constitutional provision, and no other.

The Constitution of 1921, art. 14, § 14, also authorizes bond issues under the same conditions as article 281 of the Constitution of 1913, except that it placed *no limit* on the special taxes to be levied for bonds so issued.

The Constitution of 1921 was not meant to be retroactive; that is not to be presumed, and it is nowhere so expressed. The Constitution of 1913 had authorized the issuance of certain bonds, provided that the tax levied to pay them should not exceed ten mills in any one year; and the Constitution of 1921 simply authorized the issuance of like bonds, but did not place any limit on the taxes that might be levied to pay the bonds issued under its provisions. The authority to levy taxes to pay bonds issued under the Constitution of 1921 is derived from that instrument, and may be exercised as therein provided; but the authority to levy taxes to pay bonds issued under the Constitution of 1913 is derived only from that instrument, and must be exercised only according to the terms therein laid down.

We are not holding that the Constitution of 1921 could not have lifted the limit of taxation as to bonds issued prior thereto. Cf. Realty Owners' Protective Alliance v. City of New Orleans, 165 La. 159, 115 So. 444. We are holding simply that it did not do so. The case of Perry v. Consolidated Special Tax District, 89 Fla. 271, 103 So. 639, relied on by defendants, is not in point, as the bonds therein involved were issued *after* the Constitutional amendment.

## II.

The plea of prescription herein filed and based on Act 97 of 1924 is not well taken, as that act applies only to suits to test the correctness of *assessments*, and not to suits to test the legality of the *taxes* levied upon

said assessments. Tremont Lumber Co. v. Police Jury, 164 La. 257, 113 So. 839.

### Decree.

The judgment appealed from is therefore affirmed.