(126 So. 232)

No. 30345.

BOWMAN–HICKS LUMBER CO. v. REID, Tax Collector, et al.

Jan. 6, 1930.

Rehearing Denied Feb. 3, 1930.

McCoy, Moss & King, of Lake Charles, for appellant.

Percy Saint, Atty. Gen., Rene A. Viosca, Asst. Atty. Gen., and Coleman D. Reed (for tax collector of Allen parish), of Oakdale, for appellees.

ROGERS, J. Plaintiff, a corporation organized under the laws of Delaware, is the owner of 19,204 acres of denuded pine lands situated in the parish of Allen in this state. Prior to April 1, 1929, plaintiff filed with the parish assessor for assessment purposes a list of its property, duly sworn to as required by law. On this sworn statement the value of the entire 19,204 acres was fixed at $57,612. Under instructions from the Louisiana tax commission, the parish assessor increased the valuation of plaintiff's land for assessment purposes from the amount of plaintiff's return to the sum of $96,200. Plaintiff protested to the parish board of equalization and to the Louisiana tax commission against the alleged excessive valuation placed upon its lands, but its protests were disregarded. Subsequently, the parish assessor filed his tax rolls with the clerk of the court and the sheriff and tax collector, on which

he extended taxes assessed against plaintiff's land on the valuation of $96,200, instead of on the valuation of $57,612, as claimed by plaintiff.

Plaintiff brought this suit against the assessor and the sheriff and tax collector of the parish and the Louisiana tax commission for a reduction of its assessment and for an injunction to prevent the collection of the taxes.

Defendants filed an exception of no right of action, which was overruled. Thereafter defendants filed an exception of nonjoinder based on the failure of plaintiff to make the board of reviewers of Allen parish a party to the suit. The court below maintained the exception, and ordered plaintiff to make the parish board of reviewers a party litigant. Plaintiff applied for and obtained a rehearing on the court's ruling, and, under protest, filed an amended petition making the alleged necessary party defendant. Defendants then filed a plea of prescription and peremption of 30 days. Both the exception and the plea were maintained, and plaintiff's suit was dismissed. Plaintiff is prosecuting this appeal from the judgment.

Defendants' exception of nonjoinder is predicated on section 16 of Act 140 of 1916. The pertinent portion of the section reads as follows, viz.:

"Section 16. Be it further enacted, etc., That the action of the State Board, after considering the recommendation of the Parish Board of Reviewers, shall be final; always provided that the taxpayer may, in any instance, where he shall be dissatisfied with the action of the parish Board of Reviewers, in refusing to make a recommendation to the State Board, or with the State Board upon its refusal to comply with such recommendation, in regard to the actual cash valuable fixed by the State Board; or where he may be dissatisfied with his local assessment, may resort to the District Court within the time and according to the law fixing the same. So also may any taxpayer in any class where the parish Board of Reviewers have opposed and appealed the valuation fixed by the State Board upon such class, resort to the courts for remedy in the event the State Board shall not alter the valuation as appealed for by the parish Board of Reviewers, and this without any initial complaint by such taxpayer. In such actions, the State Board, the parish Board of Reviewers and the assessor shall be made parties and the complaining taxpayer shall join in the same suit his complaint, if any, regarding the assessment for other than state purposes, and the court shall dispose of such suits summarily and as provided by law."

The statutory provision permitting a taxpayer to judicially attack a local assessment was abolished by subsequent legislation. See Act No. 211 of 1918. The court below, recognizing this, held that there were three classes of cases now embraced by the legislative act, viz.:

(1) Where the taxpayer is dissatisfied with the action of the board of reviewers in refusing to recommend a reduction.

(2) Where he is dissatisfied with the action of the state board in refusing to comply with such recommendation.

(3) Where the parish board has opposed and appealed valuations fixed by the state board.

The court found that the case did not come within the third class. The court further found that the parish board either recommended a reduction or it failed to do so; that, if the board failed to recommend a reduction, the case fell into the first class. But, if the board did make such a recommenda-

tion, which the state board refused to accept, then the case fell into the second class. The court held, in either event, whether the taxpayer formally protested to the parish board, or whether its sworn return alone was considered, the failure of the board to act favorably on the contentions of the taxpayer, expressed under oath, was a refusal. The court held, further, that, under the language of the statute, the parish board of reviewers was a necessary party to a suit based on a cause of action arising under either the first or second class set forth therein.

The powers and duties of a parish board of reviewers are disclosed by a review of the history of the pertinent legislation.

The current revenue act (No. 170 of 1898) provides, in section 23, that the police jury shall constitute a board of reviewers in each parish. Section 24 of the act required the police juries to meet as boards of reviewers on the first Monday of July of each year for the purpose of examining the lists and valuations of the parish assessors and the lists and valuations made by protesting taxpayers and to determine the issue involved. The decision of the board was final, reserving to the complaining taxpayers their actions in court to obtain the reduction of excessive assessments.

Act No. 182 of 1906 created the state board of equalization. Under sections 5 and 6 of the act, the power of the various boards of reviewers was recognized in establishing the valuation or individual assessments, the authority vested in the board of equalization being confined to the classification of property for assessment purposes and to the equalization of the assessments throughout the state.

The Legislature, by Act No. 140 of 1916, abolished the board of equalization, created the board of state affairs, and made impor-

tant changes in the procedure for valuing property for assessment purposes.

These changes, so far as they affect the case in hand are as follows, viz.: Under subsections 1 and 2 of section 10 the board of state affairs is vested with the power to fix and equalize the value of all property for state taxes. Under subsection 11 of section 10, the board is authorized to fix the date on which the police juries, sitting as boards of reviewers, shall meet, instead of meeting on the first Monday of July as previously required.

Under section 13 of the statute, the boards of reviewers were empowered to value property for local assessments. This power was withdrawn subsequently and conferred on the board of state affairs. See Act No. 211 of 1918. Since the enactment of that statute, the valuations of property as fixed by the state board apply to all assessments, and this power is now vested in the Louisiana tax commission (formerly called the board of state affairs) under sections 1 and 2 of article 10 of the Constitution of 1921.

The various boards of reviewers were relieved of the duty of examining the lists and valuations furnished by the taxpayers as required by section 24 of Act 170 of 1898 by section 15 of Act No. 140 of 1916. Under the later statutory provision the parish boards are limited to a consideration of individual assessments only when an objection or complaint is lodged with it by a taxpayer himself. The same section of the statute also authorizes the boards of reviewers to make recommendations to the state board of affairs in those cases in which they find the objections or complaints of the taxpayers to be well founded. The legislative provision further empowers the boards of reviewers, on their own initiative, or on complaint of taxpayers, to recommend a change of value

upon any class of property subject to assessment and taxation.

It would seem to be plain that, under section 15 of the statute, the right of the boards of reviewers to act on their own initiative is restricted to those cases in which the board of state affairs has erroneously assessed a particular class of property, e. g., agricultural lands, swamp lands, denuded pine lands; and that their power to consider individual assessments is limited to those cases in which the taxpayers themselves bring their complaints before them.

Therefore, construing sections 15 and 16 of Act No. 140 of 1916 together, as modified by Act No. 211 of 1918, we are forced to the conclusion that the parish boards of reviewers are necessary parties to suits for the reduction of assessments only in those cases where one of the following conditions is present, viz.:

(1) Where the taxpayer, *who has made an objection or complaint about his assessment,* is dissatisfied with the action of the board of reviewers to recommend a reduction to the state board of affairs.

(2) Where the state board has refused to comply with a reduction recommended by the parish board.

(3) Where the parish board has opposed and appealed from the valuation of a particular "class of property as such" as fixed by the state board.

None of the foregoing conditions are presented here. No complaint by the plaintiff taxpayer to the parish board was required by law, and none was made. The parish board took no action, and could take none, on its own initiative with respect to the assessment herein sought to be reduced. There was no recommendation by the parish board with which the state board could refuse to comply. Nor was there any particular class of property involved in the assessment which the parish board could oppose and appeal from.

■■ The failure of the parish board to recommend a reduction of plaintiff's assessment cannot be considered as a refusal to do so, since no application was made or required for such recommendation. The assessment as finally determined by the assessing authorities is presumed to be correct. This assessment called for no action on the part of the parish board in the absence of a complaint brought before it by the plaintiff. The revision of the assessment must be obtained, if at all, at the hands of the court. The latest legislative authority for a taxpayer to contest the correctness or legality of any assessment for purposes of taxation appears in Act No. 97 of 1924. That act reads as follows, viz.:

"Section 1. Be it enacted by the Legislature of Louisiana, That any taxpayer in this State, the Parish of Orleans excepted, who has filed a sworn list or return of his property for taxation on or before April 1st of any year shall have the right to institute suit in the court having jurisdiction of the cause of action, for the purpose of contesting the correctness or legality of any assessment made against the property listed on the said return.

"Section 2. No suit or legal proceeding provided for in Section 1 above shall be instituted before the assessment rolls are filed in the office of the Clerk of Court of the Parish in which the property is situated as now provided by law, nor later than thirty (30) days following the date of filing of the said rolls.

"Section 3. No other condition precedent than those specified herein shall be required

of the taxpayer in order to permit him to exercise the right of action hereby granted.

"Section 4. All laws or parts of laws contrary to or in conflict herewith be, and the same are hereby repealed."

If the legislative intention in adopting the quoted statute was to require the return of all taxpayers to be examined by the board of reviewers to serve as an objection or complaint by the taxpayers as a condition precedent for judicial action, such intention would be specifically set forth. The contrary is the case. It would seem to be too plain for dispute that the object of the Legislature in enacting the statute in question was to simplify the procedure whereby a taxpayer might judicially contest the correctness or legality of his assessment by requiring only the filing of a sworn return, dispensing with all subsequent proceedings involved in the objections and complaints of the taxpayer before the assessing authorities as a condition precedent for his right of action in the courts.

The original ruling of the court below sustaining the exception of nonjoinder permitted plaintiff to amend its petition so as to make the parish board of reviewers a party defendant. Plaintiff's amended petition was filed more than 30 days after the filing of the assessment rolls. The plea of prescription and peremption was maintained on the authority of section 2 of Act No. 97 of 1924, quoted supra.

Since our conclusion is that the parish board of reviewers was not a necessary party to the suit, it becomes unnecessary to determine the question of whether the service on the original parties defendant interrupted prescription or peremption as to all parties. Admittedly, the original petition of plaintiff was filed and served on the three named defendants before the expiration of the 30 days

referred to in the statute. The plea must therefore be overruled.

For the reasons assigned, the judgment herein appealed from is annulled, and it is now ordered that the exception of nonjoinder and the plea of prescription or peremption of 30 days filed by the defendants be overruled; and the case is remanded to the district court for further proceedings consistent with the views herein expressed.

O'NIELL, C. J., absent.