No. 3847

Second Circuit

LEE-BAKER DRY GOODS CO., INC., v. LOUISIANA TAX COMM. ET AL.

(November 7, 1930. Opinion and Decree.)

Barnette & Roberts and Chris Barnette, of Shreveport, attorneys for plaintiff, appellee.

Robert J. O'Neal, of Shreveport, attorney for defendants, appellants.

WEBB, J. Plaintiff, Lee-Baker Dry Goods Company, Inc., a corporation, engaged in the wholesale dry goods business in Caddo parish, brought this action against the Louisiana Tax Commission and the taxing authorities of Caddo parish to obtain a reduction in the assessment of plaintiff's property for the year 1929, and on trial judgment being rendered in favor of plaintiff, as prayed for, the defendants appeal.

The return of plaintiff of its property for assessment, and the assessment as made, were as follows:

Return of Plaintiff
Merchandise _____$174,400
Furniture and fixtures_____  5,000
Trucks and automobiles____  1,200 $180,600

' Assessment
Merchandise _____$185,400
Furniture and fixtures_____  6,720
Trucks and automobiles____  1,200 $193,320

and the claim for reduction is that the item of merchandise should be reduced to $174,400, and that the item of furniture and fixtures should be reduced to $5,000.

It is contended there were two inventories of the merchandise taken in the preceding year, 1928, which showed that the inventory value of the merchandise on January 1st was $205,065, and the value on November 30th $230,743.83, that plaintiff took the mean amount of the two inventories as representing the inventory value of the average stock of merchandise carried, and deducted approximately 20 per cent therefrom, to obtain the actual cash value of the merchandise, and that in arriving at the actual cash value of the furniture and fixtures, deductions were made for depreciation from wear and tear, and, due to the fact that the fixtures were installed on leased premises; but defendants, while apparently conceding that the assessment of the merchandise could be based upon the inventory value of the average amount of merchandise carried by plaintiff (Swift & Co. v. Board of Assessors, 115 La. 322, 38 So. 1006) and that such amount could be ascertained by taking the mean amount of the inventories taken during the preceding year, contend that in the present instance the evidence established that the mean amount of the inventories did not correctly represent the inventory value of the average amount of merchandise carried by plaintiff but that under the evidence the correct amount was the inventory value of the merchandise of date November 30, 1928, which amount should be accepted in fixing the value of the property to be assessed, and, further, that the evidence failed to establish that any deduction should be made from the inventory value of the merchandise, or from the assessment of the furniture and fixtures.

Considering the assessment of the merchandise, it is conceded that the assessment as made is presumed to be correct (Bowman-Hicks Lumber Co. v. Reid, 169 La. 905, 126 So. 232; Mackay Telegraph Co. v. Board of State Affairs, 149 La. 397, 89 So. 249; Industrial Lumber Co. v. Oden, 147 La. 760, 85 So. 901), and

where the evidence shows the contention that the assessment is not correct is based upon the value of the property which is arrived at by taking as the inventory value of the average amount of merchandise carried the mean amount of the inventories of the merchandise taken during the previous year and by deducting from such amount a certain percentage, it is incumbent upon the plaintiff to establish first that the mean amount of the inventories is the approximate inventory value of the average stock of merchandise carried and that the percentage of reduction is at least approximately correct.

Defendants offered in evidence a statement of the assets and liabilities of plaintiff as of date January 1, 1929, on which there appear the following items which are subject to taxation:

Merchandise _____$230,743.83
Furniture and fixtures_____ 12,495.73
Trucks and automobiles_____ 3,787.29
Machinery and equipment_____ 422.13

$247,448.98

and the evidence with relation to the item of merchandise shown in the inventory shows that it was taken from the inventory of November 30, 1928, with reference to which inventory the testimony of the president of the plaintiff company was as follows:

"Q. Mr. Lee, did you have more goods on hand on November 30th than you had at any other time of the year, or was that about the average that you had?

"A. We of course have more goods on hand on some other day in the year than that date; that is the average."

We are of the opinion that the evidence shows that the inventory value of the average stock of merchandise carried by plaintiff was the amount of the inventory of date November 30th, or $230,743, rather than the mean amount of the inventories, and in arriving at the actual cash value of the merchandise to be assessed, on the method taken by plaintiff, that the amount of $230,743 should have been accepted, and in ascertaining the actual cash value of the merchandise, reference should be had to that amount as the inventory value of the average amount of merchandise carried by plaintiff.

It is conceded that the merchandise must be assessed at its actual cash value, and that the actual cash value is the price it would sell for in cash in the usual course of business (Article X, section 1, Constitution of 1921; paragraph 6, section 91, Act No. 170 of 1898; Peavy-Wilson Lumber Co. v. Jackson, 116 La. 669, 109 So. 351); and considering the provisions of section 7 of Act No. 170 of 1898 (revenue and taxation statute) which reads, "that in assessing mercantile firms the true intent and purpose of this act shall be held to mean the placing of such value upon the stock in trade, all cash, whether borrowed or not, money at interest, open accounts, credits, etc., as will represent in their aggregate a fair average on the capital, both cash and credit, employed in the business * * *" with the provision contained in paragraph 6, section 91, of the same statute, that "the words 'actual cash value' * * * shall be held to mean a price that any piece of real estate or personal or movable property would sell for in cash in the ordinary course of business * * *" we are of the opinion that any reduction from the inventory value of the merchandise should be based upon the value that the merchandise would sell for if the business is continued and the merchandise sold to the customers of the business in the usual manner of conducting business.

In ascertaining that price, the actual depreciation of the merchandise would, we assume, be one of the factors to be considered, and, in the present instance, depreciation appears to have been the principal basis on which a reduction of 20 per cent from the inventory price was claimed, and, as we gather from appellant's brief, it is contended that the evidence does not show any such depreciation, and although the case was tried after the year had expired, the officers of plaintiff company were unable to give a single instance where any of the merchandise had sold for less than its inventory value.

While we are of the opinion that persons who have had experience in such business as that conducted by plaintiff are competent to give an estimate of the depreciation of the merchandise carried, although they have not kept any data of previous years' experience, as in fixing the price at which the goods should sell above the inventory value, we assume they consider such depreciation, and while such persons may also be competent to estimate the price at which a stated stock of merchandise of a certain inventory value would sell in the ordinary course of business, it is apparent that in either case the estimate would be merely approximate; and assuming that the taxing authorities based their estimate on a percentage basis, which would show that a deduction of 19.64 per cent was allowed, we do not think that the estimate of the witnesses that a deduction of 20 per cent should have been allowed is sufficient to overcome the presumption that the assessment was correct.

The evidence relative to the assessment of the furniture and fixtures, as stated above, shows that such property was listed on the statement of plaintiff's assets and liabilities at $12,493.73, and that there was also listed machinery and equipment at $422.13, or a total of $12,915.86, which was assessed at $6,720.00; and the question presented is, whether or not the evidence establishes that the actual cash value of the property was less than the value at which it was assessed.

In support of the reduction of the assessment, evidence was introduced showing that included in the property there were office fixtures and equipment of the invoice price of $2,587.50, a sprinkling system which cost $3,600, and that the balance consisted of counters, shelving, etc.; that the fixtures were installed on leased premises, and it was said that the property as a whole would not sell for 25 per cent of its cost. But it appears that in fixing the price at which the fixtures, sprinkling system, shelving, etc., would sell the estimate was based upon what the property would be worth if taken out of the premises and sold. We are of the opinion that in estimating the value of the fixtures the value should be fixed with reference to the lease, which the evidence shows was for a number of years and not with reference to what the fixtures would be worth if removed from the premises; and as it was not shown that the office equipment and fixtures had depreciated in value and no reference whatever being made to the machinery and equipment shown on the statement of assets and liabilities referred to above, the evidence does not show that the valuation of $6,720 placed upon the property was excessive, and the assessment should stand.

It is therefore ordered that the judgment appealed from be avoided and reversed, and that plaintiff's demands be rejected at its cost.