LAND, J.
 

 Plaintiff owns and operates a large sawmill at Mansfield in De Soto parish, and also owns in that parish approximately 21,780 acres of land.
 

 In the present suit, plaintiff is seeking to have the assessment of its lands- situated in De Soto parish reduced from $10 per acre to $5 per acre on 16,924 acres of its cut-over pine lands, and from $10 to $3 per acre on 4,856 acres of its cut-over hardwood lands in the Sabine river bottoms.
 

 The lower court rendered judgment for defendants, dismissing plaintiff’s suit, and gave further judgment in favor of the tax collector of De Soto parish against plaintiff for attorney’s fees of 10 per cent, on the balance of the taxes and penalties thereon, due by the plaintiff under its assessment for the year 1930.
 

 From this judgment, plaintiff prosecutes this appeal.
 

 In the year 1930, plaintiff made formal rendition of its lands in De Soto parish for assessment at $5 per acre on its hill .lands, and ■$3 per acre on its swamp lands.
 

 Plaintiff paid to the tax collector of that parish the taxes admittedly due by it, based on the values returned for assessment for the year 1930, leaving $3,610.43 as the amount of tax unpaid and in litigation.
 

 The sole issue presented by the pleadings in this case is one of fact, namély, what was the actual cash value of plaintiff’s lands as of January 1, 1930.
 

 . The assessor of De Soto parish has estimated for assessment for the year 1930 the whole tract of 21,780 acres of plaintiff at the uniform value of $10 per acre, and, in fact, has placed the same valuation per acre upon all the lands in De Soto parish for assessment purposes for that year.
 

 As stated in plaintiff’s supplemental brief, page 3, plaintiff is holding these cut-over lands “for no other purpose than to enable these lands to reforest themselves.”
 

 These lands have not been offered for sale recently by plaintiff in a body at a fixed price per acre, and consequently the assessor of De Soto parish has been unable, on the trial of this case, to prove the actual cash market value of these lands, through the medium of any offer on pláintiff’s part to sell them as a whole for a definite price per acre.
 

 If such an offer constituted the sole method of proof of the value of these lands, the plaintiff, or any other large lumber concern, could escape taxation upon its lands entirely during the necessary period for reforestation, merely by withholding them from the market for sale during that period.
 

 The assessor has, been forced in this case to prove what the property of plaintiff, as it is and as a whole, would sell for at a fair private sale, a method approved by the Lyon Lumber Co. v. Louisiana Tax Commission, 158 La. 990, 105 So. 39, 40, a case cited and relied upon by plaintiff.
 

 In that case the court said: “ ‘In estimating land which is to be assessed as one parcel,
 
 *399
 
 the estimate should, be of the whole, and not of parts separately, and then added together.’ The question in this case is not ‘what would this or that part of it sell for, if separated from the rest, but what would the property as it is — as the owner actually holds it — sell for at a fair private sale?’ State, Colwell, Prosecutor, v. Abbott, 42 N. J. Law, 115; People ex rel. Empire Mortg. Co. v. Cantor, 197 App. Div. 437, 189 N. Y. S. 646.”
 

 The lands of plaintiff have been estimated for assessment by the assessor of De Soto parish as one parcel at $10 per acre, and this officer has endeavored to prove in-this case by various experts, real estate agents, owners of lands adjoining plaintiff, and familiar with its property, and by numerous transfers of similar property in De Soto parish, what plaintiff’s property would sell for at a fair private sale.
 

 As this is the-best evidence the case is susceptible of, necessarily such evidence is ad-, missible, and must be weighed and considered by the court.
 

 Plaintiff offered as witnesses to show valuation its own employees, Mr. Bice and Mr. Hawthorne, several large landowners, two experts, who spent two or three days respectively examining plaintiff’s lands, and five or six small landowners.
 

 Plaintiff also offered in evidence six deeds showing transfers in January, 1930, and several months later of small tracts in De Soto parish, similar in character to plaintiff’s lands and similarly situated, at $6 per acre.
 

 The valuations testified to by the witnesses of plaintiff ranged from $3 to $5 per acre, and the superintendent in charge of plaintiff’s operations in De Soto parish, Mr. Hawthorne, placed a valuation of $8.12 per acre on sawmill timber and the naked land, without consideration of the timber growth below sawmill size.
 

 Defendants offered in evidence two experts, Mr. Mizell and Mr, Lockwood, who spent approximately two and four months respectively examining the lands in controversy. Defendants also offered the testimony of Mr. P. C. Eair, a licensed real estate broker, of Mr. J. A. Woollums, a comparatively large landowner, of Mr. T. J. Lawrence, a comparatively large landowner, farmer and operator of a sawmill, and of eleven small landowners familiar with the lands involved in this suit, and living within the immediate vicinity of same. The valuations of these witnesses ranged from $10 to $20 per acre.
 

 Defendants also offered in evidence a tabulation • of sales of lands within one mile of plaintiff’s holdings, and covering a period commencing in the year 1926 down to and including the year 1930, of tracts of
 
 20
 
 acres and up, the largest consisting of 600 acres, the average price per acre being as high as $13.59.
 

 The assessment of property for taxes and the modes adopted for determining its value will be presumed by the court to be correct until the taxpayer makes satisfactory proof to the contrary.
 

 Industrial Lumber Co. v. Oden, 147 La. 751, 85 So. 901; New Orleans Cotton Exchange v. Board of Assessors, 37 La. Ann. 423; Mackay Tel. Co. v. Board of State Affairs, 149 La. 397, 89 So. 249; Peavy-Wilson Lumber Co. v. Jackson, 161 La. 669, 109 So. 351.
 

 Considering all of the evidence in the ease, we are of the opinion that plaintiff has not overcome the presumption of the correct
 
 *401
 
 ness of the assessment, but that, on the other hand, the defendants have sustained same by sufficient proof.
 

 Judgment affirmed.