176 So.2d 138

**Mrs. Lillian Holloway DIXON et al.**

**v.**

**J. Howell FLOURNOY, ex-officio Tax Collector for Caddo Parish, Louisiana.**

**No. 47656.**

June 7, 1965.

Henry Politz, J. Bennett Johnston, Jr., Johnston & Johnston, Shreveport, for plaintiffs-appellants.

Cook, Clark, Egan, Yancey & King, Sidney E. Cook, Shreveport, Jack P. F. Gremillion, Atty. Gen., Carroll Buck, First Asst. Atty. Gen., Ferdinand A. Cashio, Asst. Atty. Gen., for appellee.

HAWTHORNE, Justice.

Eight persons, all residents and property taxpayers of Caddo Parish, instituted this suit against the ex officio tax collector of that parish,[1] individually and in behalf of all taxpayers in Caddo Parish similarly situated. They prayed for recovery of the 1964 state ad valorem tax assessed under R.S. 47:1701, which they paid under protest, and for judgment declaring the tax to be unconstitutional, null, and void as applied to them and to all other persons in Caddo Parish similarly situated, and relieving them from all future payment of such tax. The defendant excepted, alleging among other things non-compliance with certain prerequisites to the filing of such a suit. The exception was maintained without written reasons, the suit was dismissed, and plaintiffs have appealed.

R.S. 47:1701 imposes for state purposes a statewide ad valorem tax of 5¾ mills,

1. Plaintiffs, having alleged the statute levying the statewide ad valorem tax to be unconstitutional, caused the attorney general of the State of Louisiana to be cited and served with a copy of the petition, pursuant to Article 1880 of the Code of Civil Procedure.

which is levied under the authority of Article 10, Section 3, of the Louisiana Constitution of 1921.[2]

Plaintiffs' petition alleges that each owns his own home, which is urban improved residential real estate, and that they represent all persons owning such real estate in the parish; that they have each been assessed with the 5¾-mill statewide ad valorem tax levied by R.S. 47:1701; that each plaintiff paid the tax under protest pursuant to R.S. 47:2110, and that they timely instituted this suit under that statute for the refund of the taxes; that their properties are being assessed at percentages which vary between a low of 31.4 per cent and a high of 42 per cent of actual value; that the average assessment ratio[3] for urban improved residential real estate in Caddo Parish is 32.8 per cent; that in all Louisiana parishes taken as a whole the average assessment ratio for urban improved residential property is 17.6 per cent; that in some parishes the average assessment for such property is below 10 per cent, whereas in Caddo it is 32.8 per cent; that the average assessment ratio for all classes of property varies throughout the parishes of the state from 31.5 per cent in Caddo to 7.1 per cent in Lafayette Parish; that be-

cause of these facts petitioners are being discriminated against—that is, their property is being assessed at a higher percentage of actual value for ad valorem taxes than is that of the owners of similar property in any of the other 63 parishes of the State of Louisiana—, and that accordingly they are being required to pay a higher effective tax rate on their property than are the owners of similar property in any of the other 63 parishes; that there is no legal reason for petitioners' being discriminated against in their property assessments; that the Louisiana Tax Commission is charged under the law with the duty of equalizing property tax assessments between the various parishes, and that this commission either cannot, will not, or in any event has not made any attempt to equalize property assessments within the various parishes of the state, and no plan is being considered by the commission which would bring about the equalization of assessments.

Paragraph 10–A of their amended petition recites: "That the discrepancy in the assessment ratios for the various parishes of Louisiana have [sic] existed in Louisiana for many years; that the Louisiana Tax Commission, the body charged by law

2. Article 10, Section 3, reads: "The rate of State taxation of property for all purposes shall not exceed, in any one year, five and one-quarter mills on the dollar of its assessed value; provided, the Legislature may, by a vote of two-thirds of the members elected to each house, increase

such rate to not more than five and three-quarter mills on the dollar."
3. Assessment ratio is the percentage which the amount of an assessment carried on the parish tax rolls bears to the actual value of the property.

with the duty of equalizing taxes, has had knowledge of the great variation between the assessment ratios of the various parishes, and in spite of this knowledge the Louisiana Tax Commission has altogether failed to take any action to equalize taxes; that this failure to act on the part of the Louisiana Tax Commission constitutes purposeful discrimination, which results in systematic lack of equality in payment of taxes; that this lack of equality is not in any way accidental, or the result of errors in judgment, but rather amounts to a purposeful failure to discharge the duty of the Tax Commission to equalize taxes."

Plaintiffs further allege that by reason of the alleged discrimination the collection of the 5¾-mill statewide ad valorem tax is unconstitutional as applied to them and to all others similarly situated in Caddo Parish; that this tax violates the due process and the equal protection clauses of the Fourteenth Amendment to the Constitution of the United States, and also violates the due process clause of Article 1, Section 2, of the Louisiana Constitution and the uniformity clause of Article 10, Section 1, of the Louisiana Constitution.

Plaintiffs in support of their contention that their petition states a cause of action call our attention to constitutional and stat-

utory provisions as well as principles of law established by jurisprudence. They rely especially on the provision in Article 10, Section 1, of the Louisiana Constitution that all taxes shall be uniform upon the same class of subjects throughout the territorial limits of the authority levying the tax, and on the provision in Article 10, Section 12, that all real estate shall be valued at actual cash value, listed on the assessment rolls, and submitted to the Louisiana Tax Commission.

The statutes relied on are R.S. 47:1957, 1988, and 1989. R.S. 47:1957 provides that all taxable property in the state shall be assessed by the Louisiana Tax Commission, that the property shall be listed and assessed at actual cash value, and that the actual cash value of all property fixed by the tax commission shall be the actual cash value for all purposes. R.S. 47:1988 makes it the mandatory duty of the tax commission to equalize the value of all taxable property. R.S. 47:1989 provides that the value of all taxable property in the state shall be fixed by the tax commission.[4]

Cases are cited for the proposition that the systematic irregularity of the assessment of property of the same class is an unconstitutional discrimination against one who is compelled by such a system

4. Under this section is it the duty of the tax commission to "fix the percentage of the actual cash valuation upon which the state taxes must be collected after the ac-
tual cash valuation for the whole state has been fixed in order to realize necessary revenues, according to legislative appropriation."

to pay more than his fair share of the aggregate tax,[5] and also for the proposition that the courts have recognized that a statute though fair on its face may be rendered unconstitutional by the manner in which it is administered.[6]

The principles of law relied upon by the plaintiffs are well recognized; but before one can file such a suit relying on these principles, he must first comply with certain conditions required by our law.

R.S. 47:1998 deals with the right of a taxpayer to seek judicial review when he is dissatisfied with the action of the parish board of review in refusing to make a recommendation in respect to actual cash valuation to the tax commission, or with the tax commission's refusal to comply with such recommendation, or in regard to the actual cash valuation fixed by the tax commission (paragraph 1); or when the taxpayer is dissatisfied and contests the correctness or *legality* of any assessment made against his property (paragraph 2). The first paragraph of this section, which authorizes the taxpayer to seek judicial review after he has sought and been denied administrative relief, is not applicable to the instant case.

The second paragraph of this section reads as follows:

"Any taxpayer in the state, the parish of Orleans excepted, who has filed a sworn list or return of his property for taxation on or before the first day of April of any year, shall have the right to institute suit in the court having jurisdiction of the cause of action, for the purpose of contesting the *correctness* or *legality* of any assessment made against the property listed on such return. Any such suit or legal proceeding shall not be instituted before the assessment rolls are filed in the office of the clerk of court of the parish in which the property is situated as now provided by law, nor later than thirty days following the date of filing of the rolls. * * * *No other condition precedent than those specified herein shall be required of the taxpayer in order to permit him to exercise the right of action hereby granted.*" (Italics ours.)

Act 97 of 1924, which is now the second paragraph of R.S. 47:1998, was discussed by this court in Bowman-Hicks Lumber Co. v. Reid, 169 La. 905, 126 So. 232. We said:

---

5. Sioux City Bridge Company v. Dakota County, Nebraska, 260 U.S. 441, 43 S.Ct. 190, 67 L.Ed. 340; Cumberland Coal Co. v. Board of Revision, etc., 284 U.S. 23, 52 S.Ct. 48, 76 L.Ed. 146; Township of Hillsborough, Somerset County v. Cromwell, 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358; Moses Lake Homes, Inc.

v. Grant County, 365 U.S. 744, 81 S.Ct. 870, 6 L.Ed.2d 66; State v. Alabama Power Co., 254 Ala. 327, 48 So.2d 445.
6. Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220; Simmons v. City of Shreveport, 221 La. 902, 60 So. 2d 867; City of New Orleans v. Levy, 233 La. 844, 98 So.2d 210.

" * * * The assessment as finally determined by the assessing authorities is presumed to be correct. This assessment called for no action on the part of the parish board in the absence of a complaint brought before it by the plaintiff. The revision of the assessment must be obtained, if at all, at the hands of the court. The latest legislative authority for a taxpayer to contest the correctness or legality of any assessment for purposes of taxation appears in Act No. 97 of 1924. * * *

" * * *

"If the legislative intention in adopting the quoted statute was to require the return of all taxpayers to be examined by the board of reviewers to serve as an objection or complaint by the taxpayers as a condition precedent for judicial action, such intention would be specifically set forth. The contrary is the case. It would seem to be too plain for dispute that the object of the Legislature in enacting the statute in question was to simplify the procedure whereby a taxpayer might judicially contest the correctness or legality of his assessment by requiring only the *filing of a*

*sworn return,* dispensing with all subsequent proceedings involved in the objections and complaints of the taxpayer before the assessing authorities *as a condition precedent for his right of action in the courts.*" (Italics ours.)

Under paragraph 2 of Section 1998 certain conditions are required of the taxpayer in order for him to seek judicial relief. First, he must file a sworn list or return of his property on or before the first day of April of the year.[7] Second, such a suit shall not be instituted before the assessment rolls are filed in the office of the clerk of court of the parish in which the property is situated, or later than 30 days following the date of the filing of the rolls.[8] These are conditions for the institution of a suit in which the taxpayer contests the *legality* of any assessment made against his property.

Plaintiffs' suit alleging the unconstitutionality of the tax as applied to them and all other persons in Caddo Parish similarly situated has for its basis allegations of fact that their properties in Caddo Parish

7. R.S. 47:1956, among other things, makes it the duty of each property owner to file a sworn list of his property with the assessor on or before April 1, and this is the sworn list which must be filed as one of the conditions precedent to the institution of suit.

8. Under R.S. 47:1993 it is made one of the duties of each tax assessor (the Parish of Orleans excepted) to file with the recorder of mortgages the completed tax roll of his parish on or before the 15th day of November in each calendar year. It will thus be seen that where the taxpayer is contesting the legality of any assessment, he shall not institute his suit before the assessment rolls are filed in the office of the clerk of court (ex officio recorder of mortgages) of the parish in which the property is situated, or later than 30 days following the date of the filing, which under the law is on or before November 15.

are being assessed at a higher percentage of actual value for the statewide ad valorem tax than are those of the owners of similar properties in the other 63 parishes. They say that the assessment of their property in this way constitutes discrimination as to them, that the Louisiana Tax Commission has not discharged its duty imposed by law to equalize property assessments, that this failure to perform that duty constitutes purposeful discrimination which results in systematic lack of equality in payment of taxes, and that because of these facts they are required to pay a higher tax on their property than the owners of similar property in any of the other parishes of Louisiana.

While the ultimate object of plaintiffs' suit is to have the property tax as applied to them declared unconstitutional, this object is dependent upon their being able to prove that the assessment upon which the tax is based is incorrect and illegal. Their real complaint therefore is not of the tax as distinguished from the assessment, but is that their assessments are incorrect and illegal; and a suit which has as one of its

objects to contest the correctness or legality of an assessment must satisfy the conditions of the second paragraph of R.S. 47:1998.[9]

There is no allegation in plaintiffs' petition that any of them filed the sworn list or return of his property for taxation before April 1, and their suit, which was filed on December 28, 1964, was filed more than 30 days after November 15, the date the law requires the filing of the assessment rolls in the office of the clerk of court.

Since plaintiffs in the instant case have failed to comply with the conditions prescribed for the exercise of their right, that is, have failed to file the sworn list or return of their property and have failed to institute their suit within the time specified, the judgment of the district court maintaining the exception and dismissing their suit was correct.

For the reasons assigned the judgment appealed from is affirmed; appellants are to pay all costs.

HAMITER, J., concurs in the result.

9. Plaintiffs' contention that they may bring this suit under R.S. 47:2110 without regard to R.S. 47:1998 would obtain if they were contesting the constitutionality of the tax alone without regard to the assessment, and the conditions required by the second paragraph of R.S. 47:1998 would not apply. See Tremont Lumber Co. v. Bond, 166 La. 125, 116 So. 723; see also Tremont Lumber Co. v. Police Jury of Winn Parish, 164 La. 257, 113 So. 839.