338 So.2d 963 (1976)
CHURCHILL FARMS, INC.
v.
The LOUISIANA TAX COMMISSION et al.
No. 7605.
Court of Appeal of Louisiana, Fourth Circuit.
October 13, 1976.
*964 Phillip B. Smith, James J. Morrison, Jr., New Orleans, for Churchill Farms, Inc., plaintiff-appellant.
Larry C. Pieno, Marrero, for Alwynn J. Cronvich, Sheriff & Ex-Officio Collector of Taxes for the Parish of Jefferson and the Louisiana Tax Commission, defendant-appellee.
William J. Guste, Jr., Atty. Gen., Warren E. Mouledoux, First Asst. Atty. Gen., Robert E. Redmann, Asst. Atty. Gen., for the Louisiana Tax Commission, defendant-appellee.
Before STOULIG, BOUTALL and MORIAL, JJ.
STOULIG, Judge.
Plaintiff, Churchill Farms, Inc. (Churchill), after paying under protest $34,036.93 ad valorem tax for 1969 on immovable property it owns in Jefferson Parish, filed this suit for a refund of that proportion of the levy based on an increase in its assessment from $8,800 to $263.388. Plaintiff's petition claims inter alia a deprivation of property without due process of law contrary to U.S. Const. Amendments 5 and 14 and LSA-Const.1921 Art. 1, § 2 in that it was never given the opportunity to be heard or to challenge the increase. Defendants' exceptions of res judicata and no right of action were maintained and plaintiff's suit was dismissed. Plaintiff has appealed.
This is the second suit plaintiff has filed based on these facts: For 1969 tax purposes the Jefferson Parish assessor valued approximately 4,000 acres owned by plaintiff corporation at $8,800 on the tax rolls. The assessment remained unchanged as it was processed by the Louisiana Tax Commission and accepted by the Jefferson Parish Council, acting as a board of review, which filed them with the clerk of the parish court. Later, the Louisiana Tax Commission, by order dated December 8, 1969, directed the Sheriff of Jefferson Parish to change the assessment from $8,800 to $263,388 and collect taxes on the new value.
L.R.S. 47:1951 et seq. (the "Assessment Procedure" section of the tax statutes) makes no provision for administrative review of an increase at this stage of the taxing process; however, L.R.S. 47:1998 permits any taxpayer wishing to challenge the legality or constitutionality of an assessment to file suit in the district court providing he has previously filed a sworn list of property and its valuation as required by L.R.S. 47:1956. This do-it-yourself assessment statute sets a filing deadline of April 1 of the year for which the tax will be imposed. Taxpayers en masse ignored its provision which required them to value their property at 100 percent because the local assessor could be depended upon to appraise its value at considerably less, the differential in percentage varying from parish to parish.
Churchill was one of the vast majority of Louisiana taxpayers who failed to file the sworn list of property for the 1969 taxable year. It was denied a judicial review of this considerable increase in the assessment on an exception of no right of action based on its failure to file a sworn list. Churchill Farms, Inc. v. Louisiana Tax Commission, 249 So.2d 594 (La.App. 4th Cir. 1971) (cert. den. 259 La. 321, 249 So.2d 923).
The majority decision in the first Churchill case rested on Dixon v. Flournoy, 247 La. 1067, 176 So.2d 138 (1965), a class action seeking via 47:1998 to have the statewide practice of unequal assessments declared unconstitutional and to have taxes they *965 paid under protest refunded as permitted by 47:2110. This suit was dismissed on an exception of no right of action because none of the plaintiffs had filed the list required under 47:1956. Nor did the Dixon court entertain the claim for refund, apparently concluding that a 47:2110 contest was limited to questioning the constitutionality of the tax itself and not an unconstitutional administration of the assessment law.[1]
The distinction is elusive, for 47:2110 created a right of action to question "the legality of any tax accrued or accruing or the method of enforcement thereof." (Emphasis added.) Use of the disjunctive "or" rather than the conjunctive "and" indicates a right not only to test the constitutionality of the law but also to question whether the method of administering a valid law meets constitutional standards. It a taxpayer proves his tax burden is onerous due either to an invalid law or unequal enforcement of a valid levy, the net result is the same and the complaint rises to constitutional magnitude in that there is a deprivation of property without due process of law.
In the light of this discussion we now consider the propriety of dismissing plaintiff's suit on an exception of no right of action.
Plaintiff's first suit became final upon the refusal of writs by the Supreme Court on June 21, 1971. Its petition now before us alleges it paid 1969 taxes of $34,036.39 under protest on September 17, 1971. This suit for a refund brought under 47:2110 was filed October 5, 1971. While the first suit was pending, the statute upon which this action is based was amended only to revise the last paragraph.
Prior to 1970, the fourth paragraph of 47:2110 provided:
"The right of action provided in this Section shall be in addition to any rights elsewhere provided in this Sub-title affording taxpayers an opportunity to test the correctness of their assessments before the courts of the state, except in so far as such rights elsewhere provided may be in conflict with this Section."
It was amended thus:
"D. The right of action provided in this section shall be in addition to any rights elsewhere provided in this Sub-title, including R.S. 47:1998, affording taxpayers an opportunity to test the legality or correctness of their assessments or ad valorem taxes paid under protest before the courts of state."
The revision plainly states an action under 47:2110 is a separate right, in no way dependent on 47:1998. Thus the condition precedent to bringing a suit to challenge the legality of an assessment, i.e. filing a sworn list, is not carried over by implication as a prerequisite to a 47:2110 taxpayer suit for refund. Appellee contends this case is governed by the pre-amendment limitation that the right of action exists "except in so far as such rights elsewhere provided may be in conflict with this Section."
We disagree. The 1970 amendment became law on July 29, 1970,[2] more than a year before plaintiff paid the taxes under protest. The right of action accrued after the protest payment was made. That the tax liability arose prior to the adoption of the amendment does not place plaintiff under the pre-amendment statute.
Apparently the litigants here do not dispute the proposition that laws are presumed to be prospective in effect unless their language provides for retroactive operation. Louisiana Insurance Guaranty Ass'n v. Guglielmo, 276 So.2d 720 (La.App. *966 1st Cir. 1973). But appellees interpret this to mean laws may only operate on facts that occur subsequent to their passage. This same argument was rejected by the Supreme Court in State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943). The issue there was whether a tax prescription statute adopted by a 1938 constitutional amendment to LSA-Const.1921, Art. 19, § 19 could be urged to defeat a claim for taxes that became due prior to its passage. In permitting the the plea to defeat a claim for corporation franchise taxes for the years 1933 through 1937, the court, quoting Cox v. Hart, 260 U.S. 427, 43 S.Ct. 154, 67 L.Ed. 332 (1922), held:
"A statute is not made retroactive merely because it draws upon antecedent facts for its operation." 12 So.2d at 206.
We conclude the amended law controls, that a sworn list is not a condition precedent to filing suit under 47:2110, as amended, and that the Dixon court's observation in footnote 9 was legislatively disapproved. If we adopt appellees' reasoning that a suit to test the constitutionality of an assessment practice is limited to a 47:1998 action while a 47:2110 permits an attack only on the tax law itself, we would give an unconstitutional interpretation to a valid statute.
Imposition of a tax involves a property right. The power to tax is only legally exerted if at some stage the taxpayer is afforded an opportunity to appear and be heard. Central of Georgia R. Co. v. Wright, 207 U.S. 127, 28 S.Ct. 47, 52 L.Ed. 134 (1907). Where there is to be a taking of property, there must be provided a hearing and an opportunity for judicial determination. Mitchell v. W. T. Grant Company, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974).
The constitutional problem created by appellees proffered interpretation of 47:2110 is that it effectively denies any taxpayer a hearing. In the first Churchill case, the majority of this court did not consider this constitutional issue because it was not raised.
Requiring the filing of a property list as a condition precedent to testing the legality of an assessment or the maintaining of an action to recover taxes paid under protest raises constitutional problems. No taxpayer should be put in the position of submitting and being taxed on a 100-percent valuation of his property when the prevalent practice is to pay tax on a significantly smaller value base set by the local assessor. Nor should he be denied a hearing on the excuse he failed to comply with a law that is universally ignored. This effectively deprives him of his day in court. Thus if we limit 47:2110 to a situation attacking the law itself rather than interpreting it to include an attack on unconstitutional methods of enforcement (assessment), we sanction an unconstitutional taking of property without due process because we would in effect say the taxpayer's only remedy is that specified by 47:1998.
Therefore, we conclude the language of 47:2110 gave a taxpayer the right to question not only the validity of the law itself but also the constitutionality of the administration of a valid tax law. The plaintiff's petition does state a cause of action.
As to the exception of res judicata, we are of the opinion that it is without merit and must be overruled. The amending language of the statute itself, which specifically declares that a 47:2110 action is in addition to a 47:1998 action, clearly confirms that the right of action in the second Churchill suit is different from the one alleged in the first. Furthermore, the maintaining of the exception of no right of action in the first proceeding was not dispositive of the validity of the assessment made against plaintiff's property but merely determined that the taxpayer could not be heard to complain under 47:1998 because of its failure to file the required property list. In its second suit, plaintiff is now seeking to have the validity of its assessment adjudicated under 47:2110 which the legislature had denominated as an additional right of action besides the one afforded by 47:1998.
For the reasons assigned the judgment appealed from is reversed and the exception *967 of no right of action and res judicata are overruled. This matter is remanded for further proceedings consistent with the views herein expressed. Assessment of costs is to await the final disposition of this case.
REVERSED AND REMANDED.
NOTES
[1] See footnote 9, Dixon v. Flournoy, 247 La. 1067, 176 So.2d 138, 142:

"Plaintiffs' contention that they may bring this suit under R.S. 47:2110 without regard to R.S. 47:1998 would obtain if they were contesting the constitutionality of the tax alone without regard to the assessment, and the conditions required by the second paragraph of R.S. 47:1998 would not apply. See Tremont Lumber Co. v. Bond, 166 La. 125, 116 So. 723; see also Tremont Lumber Co. v. Police Jury of Winn Parish, 164 La. 257, 113 So. 839."
[2] The 20th day after the legislature adjourned. (LSA-Const.1921, Art. 3, § 27).